ond section of the Maryland act of 1799, c. 75, namely: "Mr. E. M. Linthicum will please let the bearer, John Brown, have such articles as he may choose on my account, to the value of thirty dollars; also twenty dollars in cash, and oblige his friend, Henry Tayloe. For Col. John Tayloe. Washington City, 24th December, 1827."

[Cited in Garmire v State. 104 Ind. 445, 4 N. E. 55; Long v. Straus, 107 Ind. 103, 6 N. E. 123, and 7 N. E. 766.]

Indictment for knowingly uttering as true, and with intent to defraud E. M. Linthicum and John Tayloe, the following forged order, namely: "Mr. E. M. Linthicum will please let the bearer, John Brown, have such articles as he may choose, on my account, to the value of thirty dollars; also twenty dollars in cash, and oblige his friend, Henry Tayloe. For Col. John Tayloe. Washington City, 24th December, 1827." The said Henry Tayloe was offered as a witness, to prove that it was not his signature.

Mr. Bradley, for the prisoner, objected that the party, whose name is forged, is not a competent witness for the prosecution. Archb. Cr. Pr. 96.

THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection, and suffered the witness to be sworn and examined.

CRANCH, Chief Judge, mentioned the case of U. S. v. Peacock [Case No. 16,019], in this court, at December term, 1804, in which Mr. Sloane, a member of congress, was permitted to testify that the signature James Sloane, upon the forged bill, was not written by him.

Mr. Bradley then objected that the forged paper was not such an order for the payment of money, or delivery of goods, as was intended by the second section of the Maryland act of 1799, c. 75, and cited 1 Leach, 134; Williams's Case, Id. 114; and note to Lockett's Case, Id. 95.

THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection, on the authority of U. S. v. Bates [Case No. 14,542], in this court, in June, 1810; but told Mr. Bradley that he might avail himself of it, on motion in arrest of judgment, when the point might be fully considered. Cur. ad. vult.

At May term, 1828, THE COURT overruled the motion in arrest of judgment, and sentenced the prisoner to fine and imprisonment.

---

## Case No. 14,659.

UNITED STATES v. BROWN.

[4 Cranch, C. C. 333.] [1]

Circuit Court, District of Columbia. Oct. Term, 1833.

COMMITMENT—OFFENCE—INDICTMENT FOR BREAKING JAIL.

A commitment not stating on its face any offence, is not evidence of a commitment for felony, although written on the back of a warrant

of arrest charging a felony, but not referring to it.

[Cited in Erwin v. U. S., 37 Fed. 486.]

Indictment for breaking gaol, when committed for felony in stealing a saddle. The commitment did not state any offence, but was written on the back of the warrant of arrest, which charged a felony. The commitment did not refer to the warrant of arrest.

THE COURT (nem. con.) said, that it was no evidence of a commitment for felony.

Verdict, not guilty.

---

## Case No. 14,660.

UNITED STATES v. BROWN.

[4 Cranch. C. C. 508.] [1]

Circuit Court, District of Columbia. March Term, 1835.

CRIMINAL LAW—EVIDENCE—ADMISSIONS—EXAMINATION BY MAGISTRATE.

What was said in the presence of the prisoner, before the examining magistrate, and to which he made no reply, cannot be given in evidence against him.

[Cited in State v. Young (Mo. Sup.) 12 S. W. 881.]

Mr. Key, Dist. Atty., offered to give in evidence against the prisoner [Nehemiah Brown], who was indicted for larceny, what had been said before the examining justice in the presence and hearing of the prisoner, to which he had made no reply.

W. L. Brent, for defendant, objected, and cited People v. Johnson, 2 Wheeler, Cr. Cas. 377.

THE COURT (THRUSTON, Circuit Judge, absent) said that the United States could not give in evidence what was said while the prisoner was under examination before the justice, if the prisoner made no reply; for he is not bound to admit or deny what is said by the witnesses.

Mr. Key said he only meant to give evidence of what was said and replied to by the prisoner; and the examination was so confined.

---

## Case No. 14,661.

UNITED STATES v. BROWN.

[4 Cranch, C. C. 607.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

WITNESS—RESTORATION OF COMPETENCY—SERVING OUT SENTENCE.

Serving out the term of imprisonment in the penitentiary for felony, does not restore the party to his competency as a witness.

Indictment [against John Brown, a mulatto] for highway robbery of George Milburne.

The attorney for the United States offered to examine, as a witness for the United

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]