### MARTIN HERNANDEZ v. THE STATE.

#### No. 2170. Decided May 22, 1901.

**1.—Theft of Money—Evidence Insufficient.**

See opinion for facts stated, which are held wholly insufficient to support a judgment of conviction for theft of money.

**2.—Same—Joint Ownership—Evidence Insufficient.**

See opinion for facts stated, which are held wholly insufficient, on a trial for theft of money, to support the allegation in the indictment that the money stolen was the joint property of two named owners.

Appeal from the District Court of Bexar. Tried below before Hon. John H. Clark.

Appeal from a conviction of theft of money; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Edward Dwyer* and *Frank Cresswell,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of the theft of money, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

The indictment is in the ordinary form for theft, and charges that the money was the property of W. B. Henar and W. A. Francis, and was taken from their possession. The testimony shows that Henar, on the occasion in question, engaged in a game of poker at the Washington Theater, in San Antonio, with certain persons, who were strangers to him. It seems that these parties were all engaged in the game when he entered the place. Their names were Anderson, Blalock, Ponds, and a one-legged man, whose name is not disclosed. Appellant Hernandez was dealing the

cards. On invitation prosecutor joined the game. Hernandez dealt several hands around, and prosecutor, Henar, won some five dollars. At this juncture Hernandez dealt the cards, giving prosecutor, Henar, four aces and the one-legged man four kings. He then absented himself, and Blalock took his place as dealer. The parties bet around, and, it seems, all "passed out" except Henar and the one-legged man. Several "raises" were made, and prosecutor had put $45 on the table. About this juncture two of his friends, who were in the city,—Francis and Richards,— came in. Francis stood behind Henar, looked at his hand, and told him he would back that hand for any amount, and pulled out $78, and placed it on the table, which was necessary to meet a raise that had been made by the one-legged man. The one-legged man showed his hand, which contained four kings. Henar stated he had four aces. Some one told him to put his hand down on the table, but he declined. Anderson came up behind him, grabbed his cards out of his hand, saying, "You have got a foul; you have six cards," putting them on the table, and there were six cards. Prosecutor testified, and so did Francis, that he had five cards until Anderson grabbed his hand. So the theory of the State was that Anderson must have placed the other card with the hand when he grabbed it. As soon as this was done, the one-legged man declared that no man could take his money on a foul; and Anderson and the one-legged man and perhaps others, grabbed for the money. Prosecutor also grabbed but did not get any. Prosecutor testified that defendant Hernandez was present and joined in the grabbing, he thought, but was not certain. All the other witnesses testified that they did not see Hernandez present, nor did they see him grab for the money. The theory of the State evidently is that the game of cards was a mere trick or pretense; that there was a conspiracy between the parties to rob or steal from prosecutor, Henar, and that Hernandez was one of the conspirators; that he accordingly dealt out the cards, giving four aces to prosecutor and four kings to the one-legged man; and that subsequently, as a part of the plot or conspiracy, Anderson grabbed prosecutor's hand, and slipped another card therein, making a foul, in order to gain a pretext for taking the money. If the proof established this beyond a reasonable doubt, we are inclined to the opinion that a theft could be committed in this manner. The prosecutor had not parted with the title to the property when he placed his money in the "pot." He had merely parted with the temporary possession, undertaking to win the "pot" fairly in accordance with the rules of the game. Now if, under these circumstances, some trick was played, and a foul declared, and appellant was a party thereto, and engaged in taking the money, he might be guilty of theft. However, it is not necessary to decide this question, because, as we view the evidence, the testimony wholly fails to connect appellant with any conspiracy. For aught that appears, he dealt the cards fairly, and gave prosecutor the best hand, and he was entitled to win the money under the rules of the game. No connection

is shown between appellant and Anderson in grabbing prosecutor's cards and making a foul out of his hand. No witness places him present at that time; nor does any witness testify that he was present and participated in grabbing the stakes off the table. The most that can be said in this regard is the prosecutor's own testimony, in which he declares that he thinks appellant was present and grabbed for the money. Now, what a witness thinks or believes ought not to be held to establish a proposition beyond a reasonable doubt; and the requirement of the law is that an issue of this character should be established beyond a reasonable doubt. The testimony of the prosecutor, giving it full stress, only raises a suspicion that appellant was present. This, however, was not sufficient to authorize a conviction. Tollett v. State, 44 Texas, 95.

There is also another proposition that we think is fatal to this conviction. Under the evidence we do not think that the money was the joint property of Henar and Francis. If—and the testimony seems to indicate this—Francis loaned $78 to Henar, all of the money was Henar's. Evidently it had been placed in his possession by Francis. If this theory be not correct, then $78 was the property of Francis and $45 was the property of Henar. They were not joint owners of the fund, but separate owners of their distinctive shares. The indictment alleges the money as the property of the two. We do not think the proof sustains this. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*