### Ex Parte T. C. Wallace.

#### No. 3065.   Decided December 17, 1904.

**Murder—Habeas Corpus—Bail—Statement of Facts—Transcript—Practice on
Appeal—Authentication—Affidavit.**

Where the record showed that appellant resorted to the writ of habeas corpus
to secure bail under charge of murder, and upon hearing was remanded to cus-
tody, the order cannot be reviewed in the absence of a statement of facts ap-
proved by the trial judge, and the certificate of such judge authenticating the
proceedings in habeas corpus had before him are not sufficient, neither can affi-
davits be considered in the manner in which they are presented.

Appeal from the District Court of Franklin.   Tried below before Hon.
P. A. Turner.

Appeal from an order remanding relator, who applied for bail under
a charge of murder, to custody without bail on proceeding by habeas
corpus.

The affidavit of the district judge filed in the Court of Appeals
showed that as a judge of the Fifth Judicial District of Texas, he heard
in chambers ex parte T. C. Wallace on habeas corpus and after hearing
remanded him without bail August 19, 1904, from which order relator
appealed. That he (the judge) then certified to all the proceedings had
before him, and ordered them filed by the clerk of the District Court.
That the proceedings consisted of the application and writ and return,
certified copies of the orders introduced by the relator showing former
judgments for bail allowed him, when he was charged with same offense
as the one on trial, and also the evidence of the witnesses. That on the
8th day of September, 1904, relator's attorney presented to the judge
for his approval a statement of facts which consisted of the proceedings
and evidence had at said trial. When it was presented, the judge was
then holding a special term of the District Court of Franklin County,

and it was near night on the day it was presented, and as the attorney for relator lived about seventeen miles from the county seat, and wanted to return home, and the judge not having time to look over the record, he ordered it filed with the clerk, stating that he would examine it later and would then sign it and certify to it. In a few days thereafter the judge looked over the record and desired it to be more complete than it was, before approving it, and in a few days thereafter refused to approve the statement of facts. The judge convened court in Bowie County, and shortly thereafter while the judge was at his home at Texarkana, another attorney representing relator presented to him for approval the said statement of facts, stating that the desired changes had been made therein, leaving the same with the judge, and after finding them correct, the judge certified to them as required by law. The evidence contained in said statement of facts was signed by the attorney in the case as an agreed statement of facts. The judge did not sign the agreed statement of facts, but they consisted of the evidence that was considered and introduced before him at said trial; he then sent said' statement of facts to the clerk. The judge found the statement of facts correct and intended to have approved them, and thought he had done so and considered his certificate a sufficient approval thereof.

The attorney for relator filed an affidavit of similar import, stating in addition that he had received a letter from the judge that he had approved the statement of facts as corrected and had sent same to the clerk to be transcribed.

The certificate of the judge to the proceedings in habeas corpus before him is to the effect, that upon such hearing, he caused all the proceedings to be written and that the same so reduced to writing are contained in the foregoing pages and that the clerk is hereby ordered to file the same and keep them safely.

*J. H. Beavers,* for relator.—If a habeas corpus proceedings is had before a judge of a court in vacation, he shall cause all the proceedings to be written, shall certify to the same, and cause them to be filed with the clerk of the court which has jurisdiction of the offense. (Art. 202, Code of Criminal Procedure.)

Where a defendant has exercised a necessary, reasonable diligence, and has, without any fault on the part of himself or counsel, been deprived of a statement of facts, the judgment of conviction will be reversed on an appeal. Prieto v. State, 35 Texas Crim. Rep., 69 ; Bigham v. State, 36 Texas Crim. Rep., 453; Bryans v. State, 29 Texas Crim. App., 247; Sara v. State, 22 Texas Crim. App., 639; Henderson v. State, 20 Texas Crim. App., 304; Johnson v. State, 16 Texas Crim. App., 372.

Where a motion to dismiss an appeal has been filed by the State in the Appellate Court, asking for the appeal to be dismissed because the statement of facts were not signed and approved by the judge, and a responsive affidavit is filed by the appellant, showing that the failure

to obtain said approval was not caused by the fault of the appellant or his counsel, and also a certificate or affidavit from the judge who should have signed said certificate showing the fault was caused by the omission or neglect of said judge, then in that event, the statement of facts should be considered by the Appellate Court. Anginano v. State, 57 S. W. Rep., 816; Head v. State, 50 S. W. Rep., 352; Alder v. State, 50 S. W. Rep., 358; Henderson v. State, 38 S. W. Rep., 677; Yawn v. State, 39 S. W. Rep., 105.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Applicant resorted to the writ of habeas corpus to secure bail, under a charge of murder. Upon the hearing, the court remanded relator to custody. There is what purports to be a statement of facts in the record. It is signed by counsel, but not approved by the court. Applicant insists that the signature of the district judge approving the record as correct, is a sufficient authentication of the statement of facts as being correct and an approval by him. This identical question was before the court in Ex parte Malone, 35 Texas Crim. Rep., 297. That case, and those following it, are decisive of the question against relator. The statement of facts cannot be considered.

There are affidavits filed in this court, which cannot be considered in the manner presented. As the record is presented to us we are unable to decide the question as to whether the court was correct in refusing bail, the evidence not being before us. The judgment, therefore, must be affirmed.

*Affirmd.*