### J. K. Richard v. The State.

No. 3380.    Decided December 20, 1905.

**Theft—Charge of Court—Accomplice—Accessories.**

Where on trial for theft, the evidence showed that the State's witnesses knowingly received the property after the same was stolen, and concealed the fact of such theft for some time after the property was stolen, they were accessories, and the court erred in not giving the special charge on accomplices as set out in the opinion.

Appeal from the County Court of Van Zandt. Tried below before Hon. John W. Davidson.

Appeal from a conviction of a misdemeanor theft; penalty, a fine of $25 and twenty-five days confinement in the county jail.

The opinion states the case.

*Lively & Stanford,* for appellant.—On question of accomplice: Code Crim. Proc., article 781; Miller v. State, 4 Texas Crim. App., 251; Crutchfield v. State, 7 id., 65; Crawford v. State, 34 S. W. Rep., 927; Armstrong v. State, 33 Texas Crim. Rep., 417; Walker v. State, 37 S. W. Rep., 423; Henning v. State, 6 Texas Ct. Rep., 780.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was prosecuted on information for theft. Appellant tendered the court the following special charge, to wit: "You are charged that any one, who knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest, or trial, is in law an accomplice. Now, if you find and believe from the evidence that the witnesses, W. B. Hardman and George Hardman, or either of them, are accomplices, and you further find and believe from the evidence of such accomplices, if you find any such, that the defendant did trade and give them knives, and tell them that he got such knives from J. A. Henry, and you find that their testimony is true; you are charged that in order to convict on such testimony, you must further find that the same is corroborated in a material issue effecting the guilt of the defendant by other evidence than that of such accomplices, if any." We think this charge should have been given, since the evidence before us shows that W. B. and George Hardman are accessories to the act of theft. The record shows that they knowingly received the property after the same was stolen, and concealed the fact of said theft for sometime after the property was stolen. This, we take it, would make them accessories, and hence the court should have given said charge. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*