### GEORGE SIMMONS v. THE STATE.

No. 3443.   Decided December 21, 1906.

#### 1.—Burglary—Accomplice—Charge of Court.

Where upon trial for burglary the evidence showed that the defendant was under 13 years of age when the offense was committed; that the harness alleged to have been stolen was new and had cost the owner $26 and that the State's witness claimed to have bought it from defendant for $1; that said witness was a grown man, in business and must have known that the price he paid for said harness was inadequate, the court should have charged on accomplice's testimony.

#### 2.—Same—Nonage—Burden of Proof—Illegality of Act.

In a prosecution for burglary where the evidence showed defendant to be under 13 years of age, it devolved upon the State to show that he had discretion to understand the nature and illegality of the act constituting the offense. Article 34, Penal Code, was enacted as a protection for children who are within the prescribed limits of the statutory nonage. That the defendant knew right from wrong or possessed ordinary intelligence was not sufficient.

#### 3.—Same—Confession—Arrest—Warming—Declarations of Third Parties.

Upon trial for burglary, it was error to admit the testimony as to declarations between the officer who had defendant under arrest and the State's witness in the presence of defendant, to the effect that the witness purchased the alleged stolen property from the defendant and that defendant remained silent as to such conversation, although he was duly warned.

#### 4.—Same—Circumstantial Evidence—Corroboration.

Upon a trial for burglary, where the accomplice testified to the fact that defendant sold to him the alleged stolen property, such testimony required corroboration before a conviction could be sustained.

#### 5.—Same—Age of Defendant—Reformatory—Verdict.

Where upon trial for burglary the evidence showed that the defendant was under 13 years of age, and the verdict assessed his punishment at two years in the State reformatory, without finding the age of defendant, the verdict was defective.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, two years confinement in the State reformatory.

The opinion states the case.

*R. H. & Alice S. Tiernan,* for appellant.—On question of nonage and criminal knowledge: Keith v. State, 33 Texas Crim. Rep., 341; Walker v. State, 42 Texas, 371; Pearce v. State, 35 Texas Crim. Rep., 150. On corroboration: Martin v. State, 36 Texas Crim. Rep., 632.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a conviction for burglary. The facts show that appellant is under 13 years of age, and with reasonable accuracy that he was born on the 12th of September, 1894. Appellant contends that the court was in error in not submitting the law in regard to accomplice's testimony. The burglary insisted upon is shown to have been committed by entering a barn, and taking from it a new set of harness, which the alleged owner stated cost him $26. It may be important to state here, that Whitfield testified his harness was new, and that he found it some eight or ten days subsequent to the time it disappeared from his barn, and found it at the police station. Waters was used by the State as a witness, and he states that he bought the harness from appellant, about January 13th, and paid him $1 for it; that he did not know its value. He stated that he had not been arrested for the theft, and did not himself steal the harness, but that "they tried to get me up and I gave . . . . . . for signing my bond, $15." We believe the evidence required a charge on accomplice's testimony. This witness was a grown man, in business, and the facts are of such cogency as to put him upon notice of the value of the harness and inadequacy of the price he paid or that demanded by appellant. If his testimony is to be believed, he was put upon notice of the fact that there was something wrong about the harness. Dill v. State, 1 Texas Crim. App., 278; Jones v. State, 4 Texas Crim. App., 436; Roach v. State, 8 Texas Crim. App., 478; Chambers v. State, 44 S. W. Rep., 495; Coleman v. State, 44 Texas, 109.

The charge of the court is criticised with reference to submitting the issue of nonage of appellant. The court instructed the jury that in order to convict defendant, they must find that he had sufficient knowledge and intelligence to know it was wrong and unlawful to commit said act. Where the age of an accused party is shown to be under 13 years, it devolves upon the State to show that he had discretion to understand the nature and illegality of the act constituting the offense; article 34, Penal Code. This statute was enacted as a protection for children, who are within the prescribed limits of the statutory nonage, that is, under 13 years. In addition to the ordinary intelligence, it is required that the proof shall show that the child had discretion sufficient to understand the nature and illegality of the act constituting the offense, and the burden of this proof is upon the State. The fact that the accused knows good from evil or right from wrong, or that

he was possessed of the intelligence of ordinary children of the same age, does not meet the statutory requirement. The State must show that the accused understood the nature and illegality of the particular act constituting the crime. Wusnig v. State, 33 Texas, 65; Gardiner v. State, 33 Texas, 692; McDaniel v. State, 5 Texas Crim. App., 475; Parper v. State, 20 Texas Crim. App., 451; Carr v. State, 24 Texas Crim. App., 562; Linhart v. State, 33 Texas Crim. Rep., 504; Keith · v. State, 33 Texas Crim. Rep., 341.

Jacobs, a police officer of Galveston, was asked by the State, "If from his knowledge of the boy and from the conversations he had with him, whether the boy had sufficient intelligence in his (witness') opinion to know the difference between right and wrong; to know it is wrong to steal and burglarize?" Appellant's objection was overruled; and witness stated, "Yes sir; he knows right and wrong." He further stated that he knew the difference between right and wrong. The aunt of the boy testified, as follows: "I do not know that defendant has good sense." The mother testified that defendant "never went to school but two sessions right along; he went to school whenever I was able to send him. It has been a good while ago, since he went to school. He never went to school but three or four months right along." This is the evidence shown by the record touching this question. This is not sufficient to meet the requirements of article 34, Penal Code.

There is another question necessary to be noticed. Witness Smith, a police officer, testified that he knew appellant, Waters (the alleged purchaser) and Whitfield (the alleged owner); that he had appellant at the police station under arrest at the time the harness was identified, which was January 19th. Whitfield identified the harness as that taken from him on January 13th. Waters stated where he got the harness. Appellant was under arrest and had been so arrested for two hours. and was warned that any statement he made would be used in evidence against him and not for him. In this connection witness states, "At said time defendant would not talk about the harness at all. Defendant had been warned all right before said conversation took place between Whitfield and Waters. Waters stated to Whitfield that he bought the harness from defendant, in the presence of the defendant. At said time and place defendant stated he was 13 years old." On cross-examination, "Defendant did not state when he was born, just stated his age. At the time Whitfield and Waters came there we had defendant under arrest about thirty minutes. At the time of the alleged confession I have been talking about, we had defendant under arrest about two hours; that is, at the time Whitfield identified the harness." The only statement that could be used against defendant was the statement as to his age. The conversation between Whitfield and Waters was inadmissible. Appellant made no statement but remained silent. In Gardner v. State, 34 S. W. Rep., 945, this question was under

investigation by this court. Judge Hurt, rendering the opinion, held that the silence of the defendant after being warned, could not be used; and quotes with approval from Com. v. McDermott, 123 Mass., 440: "A person who is held in custody on a charge of crime is not called upon to contradict statements prejudicial to him, made in his presence by another person in answer to inquiries made by an officer; and such statements, though not contradicted by him, are not admissible in evidence against him." That case cites as authority, among others, Commonwealth v. Kenney, 12 Metc. (Mass.), 235; Commonwealth v. Walker, 13 Allen, 570. Arrest aside, in order to give silence the effect of a confession, or admission, the party charged with it must have been in a position to hear and explain. But if he is under arrest, his silence cannot be used to sustain the theory or idea that he acquiesced in the statement made in his hearing. Wharton's Cr. Ev., 680; U. S. v. Brown, 4 Cranch, C. C., 508. Bob v. State, 32 Ala., 560; Noonan v. State, 1 Smedes & M., 562; Wright v. State, 37 Texas Crim. Rep., 627. The Gardner and Wright cases, supra, are directly in point. In Gardner's case, this language was used: "We are of opinion that the fact that appellant had been cautioned was an additional reason, to being under arrest, for excluding his silence as evidence. He had been warned that if he said anything it might be used against him. He obeyed the caution, and because he did obey, his silence was admitted in evidence against him, and was used as a confession of the truth of the statements made by others. We are of opinion that, whether cautioned or not, being under arrest, his silence should not have been received in evidence against him."

In Wright's case, Judge Henderson, delivering the opinion of the court, says: "In Fulcher v. State, 28 Texas Crim. App., 472, it was held incompetent to prove the appearances of the defendant after his arrest, he not being warned. In Gardner's case, 34 S. W. Rep., 945, it was held that the exact character of testimony here authorized to be used against Ellis Wright, to wit: his silence when under arrest, when a question or statement was made in his presence could not be used against him. The Gardner case discussed the question citing authorities, and it is needless here to do more than refer to that case." We deem it unnecessary to go further into this question.

This is a case of circumstantial evidence, and the court so charged the jury. A terse statement of the evidence shows that Whitfield's barn was closed on January 13th, and about the middle of the day it was entered and a new set of harness, for which the owner paid $26 was taken therefrom by some one. A few days afterwards, Waters stated he bought a new set of harness from appellant, paying therefor the sum of $1. Whitfield identifies this as the harness taken from his barn. Under our view of these facts and the law, Waters would be an accomplice, and therefore must needs be corroborated. If there is any corroboration in this record of this witness Waters, it has es-

caped our attention. The State's case, being one of circumstantial evidence, must depend upon the act, in order to show appellant's guilt, that he was in possession of the harness recently after it was taken from the barn, and this must be shown by competent evidence. While the accomplice may testify to the fact that appellant sold the property, and therefore eliminate himself as the party who was in possession of the property, before the purchase, still, in order to secure the conviction of appellant, his testimony must be corroborated as required by the statute. We do not believe there is any corroboration shown.

There is another defect in this record. The jury returned the following verdict: "We the jury find the defendant, George Simmons, guilty as charged in the indictment and assess his punishment at two years in the State reformatory. James S. Montgomery, foreman." This verdict should have specifically stated the age of appellant. Watson v. State, 92 S. W. Rep., 807, discusses this question. This statute with reference to youthful offenders requires that the jury shall specify not only the place of confinement, whether reformatory or penitentiary, but must find specially in the verdict the age of such youthful offender. For the errors discussed, the judgment. is reversed and the cause remanded.

*Reversed and remanded.*