## A. J. FRANKLIN V. THE STATE.

### No. 3832.   Decided May 20, 1908.

**1.—Theft—Accomplice—Charge of Court.**

Where upon trial for theft of the value of $50 and over, the evidence showed the State's witness to be an accomplice without any dispute, the court should have instructed the jury peremptorily that such witness was an accomplice. Following Richard v. State, 49 Texas Crim. Rep., 192; 90 S. W. Rep., 1017 and other cases. It is not decided, however, that this was reversible error.

**2.—Same—Charge of Court—Corroboration.**

Where upon trial for theft the evidence showed more than one accomplice, the court should have charged that the accomplices could not corroborate each other, and a failure to do so was reversible error. Following Eddens v. State, 47 Texas Crim. Rep., 529; 84 S. W. Rep., 828, and other cases.

**3.—Same—Variance.**

Where the indictment alleged that the property charged to have been stolen belonged to three certain parties therein named, and that it was taken from them without their consent; and the proof showed that the property belonged to a firm, and that such firm was composed of two of the persons named in the indictment, and that the third party named therein was dead and had no interest in the property, the same was a fatal variance. Following Cohen v. State, 20 Texas Crim. App., 224 and other cases.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of theft over the value of $50; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & Alice Tiernan,* for appellant.—On question of corroboration: Hall v. State, 106 S. W. Rep., 379, and cases cited in the opinion. On question of charging on accomplice testimony: Simmons v. State, 50 Texas Crim. Rep., 527; 97 S. W. Rep., 1052. On question of court's failure to charge jury that accomplices could not corroborate each other: Coleman v. State, 44 Texas, 109; Richard v. State, 49 Texas Crim. Rep., 192; 90 S. W. Rep., 1017, and cases cited in opinion. On question of variance, cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Galveston County on a charge of theft of property over the value of $50, which was alleged to be the property of, and to have been taken without the consent of, Jno. Focke, Henry Wilkins and Herman G. Lange. On conviction he was sentenced to a term of five years in the State penitentiary.

1. The facts showed that Henry Wilkins and Herman G. Lange composed the firm of Focke, Wilkins & Lange, and that at the time of the alleged theft Mr. Focke was dead. The State relied for conviction, mainly upon the testimony of Alphonzo Manzapanni and Thomas Delahunty. The testimony of Delahunty showed that he was present at the time the store of Focke, Wilkins & Lange was broken into and the goods taken and assisted in the very act of the burglary and theft. The testimony of the witness Alphonzo Manzapanni tends to show that he had a criminal knowledge of the burglary and the evidence would warrant the conclusion that he was an accomplice, though his attitude and conduct in view of the fact that he was only nineteen years of age and an employee of one Marzoni and did not, it seems, profit personally by the theft, is consistent with the idea that he was not an accomplice. On the trial the court instructed the jury as follows: "A conviction for crime may be had upon the testimony of an accomplice but the same can not be done, unless the evidence of said accomplice is corroborated by other testimony tending to connect the defendant with the offense committed and the corroboration is not sufficient if it merely shows the commission of the offense. An accomplice, is any person, who is connected with the crime, by unlawful act or omission on his part transpiring either before, at the time of, or after the commission of the offense, and whether or not he was or not present and participated in the commission of the offense committed. Before you can convict the defendant upon the testimony of an accomplice you must find and believe from the evidence that the same is true, and that the corroboration shows or tends to show that the defendant committed the offense charged and if you have a reasonable doubt thereof find him not guilty, and as to whether or not one is an accomplice is a question for you to determine from the facts and circumstances in evidence. Should you determine a witness is an ac-

complice you will not consider the evidence of such person unless the same is corroborated, as herein instructed." There was in the case no sufficient evidence to convict the appellant, if it be conceded that the witness Delahunty and the witness Manzapanni were in fact and in law accomplices. We think the charge of the court above referred to is erroneous in that as to the witness Delahunty, it left it to be found as a fact by the jury whether he was or not in truth an accomplice, when under all the evidence he was beyond doubt or dispute in fact as in law such accomplice. Where the facts raise a doubt as to whether a witness is an accomplice, or where such connection may fairly be said to be in dispute, it is entirely proper for the court to submit such issue to the jury, but where there is no doubt that the witness is in fact an accomplice, and where all the testimony shows that he bears such relation to the crime under investigation, the court should not confuse the issue by submitting the matter to the jury, as if the question was doubtful when under all the evidence there was in fact no doubt, but should charge them peremptorily that such witness occupied, in respect to the crime charged, the relation of an accomplice. Richard v. State, 49 Texas Crim. Rep., 192; 90 S. W. Rep., 1017; Heath v. State, 7 Texas Crim. App., 464; Porter v. Commonwealth, 61 S .W. Rep., 16; Coleman v. State, 44 Teaxs Crim. Rep., 109; State v. McLain, 60 S. W. Rep., 736; Armstrong v. State, 33 Texas Crim. Rep., 417; Simmons v. State, 50 Texas Crim. Rep., 527; 97 S. W. Rep., 1052. We do not find it necessary to decide whether we would reverse the case for the charge given by the court but think it better practice, when there is no doubt of the fact, for the court to instruct the jury that the witness is an accomplice.

2. Again, we think the court erred under the facts of this case in not charging the jury that the testimony of Delahunty and Manzapanni, in the event they found the latter to be an accomplice, could not be considered as corroborating each other. That is, Manzapanni's testimony, if he was found to be an accomplice, could not be considered by them in corroboration of the testimony of Delahunty. Eddens v. State, 47 Texas Crim. Rep., 529; 84 S. W. Rep., 828; Simms v. State, 10 Texas Crim. App., 131; Wallace v. State, 47 Texas Crim. Rep., 448; 87 S. W. Rep., 1041.

3. Again, we think there was a fatal variance between the proof in this case and the allegations of the indictment. The indictment alleges that the property charged to have been stolen belonged to Jno. Focke, Henry Wilkins and Herman G. Lange, and that it was taken from the possession of these parties without their consent. The testimony in the case showed that the property belonged to the firm of Focke, Wilkins & Lange, and that this firm was composed of Henry Wilkins and Herman G. Lange, and no other person; that at the date of the alleged theft Jno. Focke was dead, and that Henry Wilkins and Herman G. Lange were the sole proprietors and owners of the property taken. That it would be competent to charge a theft of

property belonging to Henry Wilkins and Herman G. Lange, either as individuals or as a firm doing business under the name of Focke, Wilkins & Lange, is not to be questioned, but the indictment in this case makes no mention or any reference to the firm of Focke, Wilkins & Lange, but in terms alleges the property belonged to the three persons named above. The proof shows that it belonged to two only of the persons named. We think this constitutes a fatal variance. Cohen v. State, 20 Texas Crim. App., 224; Aldrich v. State, 29 Texas Crim. App., 394; Neely v. State, 32 Texas Crim. Rep., 370; Hernandez v. State, 43 Texas Crim. Rep., 80; 63 S. W. Rep., 320.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*