### BUD HARDEMAN v. THE STATE.

No. 335.   Decided January, 19, 1910.

**Theft—Variance—Ownership—Possession.**

Where, upon trial for theft, the indictment alleged a joint ownership, and a copartnership composed of three persons, and the proof showed possession of the alleged stolen property by two of the alleged copartners, and that one of said partners had neither the possession nor a part ownership in same, the variance was fatal.

Appeal from the County Court of Van Zandt.   Tried below before the Hon. John S. Spinks.

Appeal from a conviction of a misdemeanor theft; penalty, a fine of $5 and one hour confinement in the county jail.

The opinion states the case.

*Wynne & Wynne,* and *Alex Collins,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for petty theft, the punishment being assessed at $5 fine and one hour in the county jail.

The bill of indictment alleged that the appellant unlawfully and fraudulently took from the possession of B. F. Starnes, Earl Slaughter, and Mrs. Tom Cheatom, a firm composed of said Starnes, Slaughter and Cheatom, 100 feet of fencing wire of the value of $2, the same being the corporeal personal property of and belonging to the said Starnes, Slaughter and Cheatom, and without the consent of them, or either of them, and with intent, etc. There is no controversy but that the property was the property of Starnes and Slaughter, and that Mrs. Tom Cheatom had no interest whatever in the property, nor was the property in her possession at the time it was taken. In the trial of the case in the court below, appellant requested the court to charge the jury, that the State, having alleged the ownership and possession

of the stolen property to be in B. F. Starnes, Earl Slaughter and Mrs. Tom Cheatom, and the proof having shown the ownership and possession of said property to be in B. F. Starnes and Earl Slaughter, that they would acquit. This charge was refused. Also appellant requested the court to charge the jury that before they could convict the appellant, the proof must show beyond a reasonable doubt, both ownership and possession of the property to be in Starnes, Slaughter and Mrs. Tom Cheatom. This charge was also refused and this action of the court is complained of by appellant. The court in his main charge told the jury that if the appellant fraudulently took from the possession of Starnes, Slaughter and Mrs. Tom Cheatom, or either of them, the wire described in the indictment, and that the wire was the property of Starnes, Slaughter and Mrs. Tom Cheatom, or either of them, that they would convict. We think the court erred in giving this charge, as well as refusing the charges requested by appellant. The bill of indictment alleged a joint ownership and a copartnership composed of three persons, and the proof of ownership of a partnership of three persons can not be sustained by proof of possession by two persons, where the proof is positive that one of the parties had neither the possession nor a part ownership in same.

For the errors of the court in giving the charge he did, and the refusal of the requested charges by the appellant, the judgment of the lower court is reversed and the cause is remanded.

*Reversed and remanded.*