### Jud Grantham v. The State.

#### No. 687. Decided June 13, 1910.

**Burglary—Variance—Occupants.**

Where, in a prosecution for burglary, the indictment alleged six occupants of the burglarized house, naming them, and the evidence showed that the house was occupied by the first five named parties and not by the six as named in the indictment, the variance was fatal.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of burglary; penalty, two years imprison-ment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment charges appel-lant with burglarizing a house occupied by Saijiro Nakano, Ginzo Kato, Shujiro Nakamura, Kosuke Masaki, Masokichi Buto and Shokichi Muratsuchi, without the consent of either of the above named parties, with intent to steal. The evidence shows the house was occupied by the first five named parties, and not by the six, as named in the indictment. It is claimed there is a variance between the allegation and the evidence with regard to the occupancy. We are of opinion this point is well taken. Where an indictment al-leges owners or occupants the evidence must correspond with the allegation, and a failure to meet such allegation by evidence will constitute a variance. This point is presented both by special charge and in motion for new trial. The court was requested to charge the jury that if this variance existed the jury should acquit. This

was refused. It was again raised in regard to the sufficiency of the evidence to support the allegation in the indictment and overruled by the court. In this we think there was error.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*