GROVER OWENS v. THE STATE.

No. 4299.    Decided December 13, 1916.

**1.—Slander of Female—Insufficiency of the Evidence.**

Where, upon trial of slander of a female, the information alleged that the slanderous words were uttered in the presence of three named parties, the proof must show that the imputation was made under the circumstances as alleged, and where the evidence showed that the defendant uttered at different times and only to one person alleged at the time when the other persons alleged were not present, and the information contained only one count, the variance was fatal and the conviction could not be sustained. Following Knight v. State, 49 S. W. Rep., 383, and other cases.

**2.—Same—Language Used—Variance.**

Where the language used as alleged in the information is not the language to which the witnesses testified, the variance is fatal. Following Simer v. State, 62 Texas Crim. Rep., 514.

**3.—Same—Charge of Court—Election by State.**

The court having admitted testimony that defendants made the slanderous declaration at different times to only one of the parties alleged in the information, should at least have elected the transaction upon which a conviction could be based. However, it was error to admit this character of testimony, as the allegation and proof must correspond.

Appeal from the County Court of Bell. Tried below before the Hon. W. S. Shipp.

Appeal from a conviction of slander of a female; penalty, a fine of five hundred dollars.

The opinion states the case.

*A. W. Gibson* and *W. W. Hair,* for appellant.—On question of variance: Thweatt v. State, 49 Texas Crim. Rep., 617, and case cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of variance: Battles v. Tyson, 24 L. R. A. (N. S.), 577; Brinsfield v. Howeth, 24 id., 583; Patterson & Wallace v. Frazer, 93 S. W. Rep., 146; Lynch v. Knight, 9 H. L. Cases, 593.

On question of falsity of slanderous statements: Ladrone v. State, 12 Texas Crim. App., 426; Shaw v. State, 28 id., 236; Collins v. State, 39 Texas Crim. Rep., 30; Stayton v. State, 46 id., 205.

On question of meaning of the language used: Hill v. State, 76

Texas Crim. Rep., 269, 173 S. W. Rep., 1022; McArthur v. State, 41 Texas Crim. Rep., 635; Roberts v. State, 51 id., 27.

DAVIDSON, JUDGE.—Appellant was convicted of slander, his punishment being assessed at a fine of $500.

The information, omitting formal parts, charges that appellant did "unlawfully, orally, maliciously and wantonly impute to a female in this State, towit, Ethel Ford, a want of chastity, the said Ethel Ford being then and there an unmarried female, in this, towit: the said Grover Owens did then and there in the presence and hearing of Joe Lawhorn, Lester Lawhorn, Lester Mays and divers other parties say that he had had sexual intercourse with her, the said Ethel Ford, against the peace and dignity of the State."

It will be observed that there is but one count in the information, and it charges the imputation of slander in the presence of the three above named parties. Lester Mays testified that about a year before he testified defendant and himself were returning from prayer meeting at night; "no other person was with us; on that occasion defendant stated to me that he had had sexual intercourse with Ethel Ford." Upon cross-examination, however, he makes this statement: "Defendant did not say that he had had sexual intercourse with Ethel Ford; what he did say was, that he had gotten a piece of —— from Ethel Ford. No one was there except defendant and myself, and the defendant never has at any time made that or any like statement to me when Joe Lawhorn or Lester Lawhorn, or any other person was present."

Lester Lawhorn testified: "Some time last fall while myself and Jim and Olan Bean were engaged in constructing a fence on my brother's place, defendant came to where we were, and in the presence and hearing of myself and the two Bean boys said that on the road near Mr. Minsey's house that he had had sexual intercourse with Ethel Ford." On cross-examination, however, he said that he "did not use the language 'sexual intercourse'; what he did say in the presence of myself and the two Bean boys was, that he had gotten a piece from a girl on the way from church. Defendant did not say what girl it was in the presence of myself and the two Bean boys, but left us to surmise or guess who it was, but a little later after the defendant and I had separated from the Bean boys and were out of their hearing, I guessed it was Ethel Ford that he had been alluding to, and he admitted that it was." He further testified: "Joe Lawhorn and Lester Mays were not there on that occasion, nor was there any person present on that occasion except myself and the two Bean boys and the defendant. Defendant never did at any other time say anything about his relations with Ethel Ford, except the time I am telling about, and no one was present except the defendant and myself at the time I guessed it was Ethel Ford he had reference to."

There is a lot of testimony in the record that is thought to be material, in fact most of it, that brings in review the character and

reputation of the girl, affirmed to be good by the State and denied by appellant's evidence. There are several questions presented of rather vital importance on the testimony quoted.

Appellant contended, and contends here, that there was a variance between the proof and the allegation; second, that it brought in review several statements made at different times by appellant not in the presence of the parties set out in the information when they were together; third, that appellant objected to the testimony of these different witnesses because at variance with the allegations in the information; fourth, that if the testimony is admissible, then there being different transactions and only one count in the information, the State should have been required to elect upon which transaction it would rely for a conviction. These matters were prresented by bills of exception to the introduction of the testimony, to the failure of the court to charge in accordance with the same idea and theory, to the overruling of his exceptions to the admission of testimony, and the rulings of the court refusing to require the State to elect. These matters are presented not only by bills of exception, but by special charges requested and refused, and by special exceptions to the court's charge properly taken and verified.

Wherever the State sets out slander the facts as stated must be proved and must correspond with the allegations in the information. Where the information, as in this case, alleges that the slanderous words were uttered in the presence of three named parties, the proof must show that the imputation was made under the circumstances set out. It is a variance to allege that the imputed slander was uttered in the presence of two or more parties, when the State's evidence shows that it was not so uttered, but was uttered at different times and to only one when the others were not present. These cases are well known. Some of them may be found in Mr. Branch's Criminal Law, section 608. That author uses this language: "If words are alleged to have been uttered to two persons at the same time, they must be proved as alleged, and proof that they were made to each of the parties at different times is a variance." Knight v. State, 49 S. W. Rep., 383. Again he states the rule: "If the indictment unnecessarily names more than one person as having been present when the slander was uttered, the allegation must be proved as laid, being descriptive." Neely v. State, 32 Texas Crim. Rep., 370. This seems to be well settled.

Another variance urged by appellant is well taken. The language used in the information is not the language to which the witnesses testified. While on direct examination they used the expression "sexual intercourse," yet upon cross-examination they testified that such language was not used. The language that was used on these different occasions has been set out above and unnecessary here to repeat. It is a well settled rule in Texas by the decisions that the language must be proved as laid, or substantially so. The language set out in the information is not sustained by the language used by the witnesses. The

writer does not care to follow or elucidate this question. One of the later opinions was rendered by Judge Harper in the case of Golden v. State, 72 Texas Crim. Rep., 19. See Simer v. State, 62 Texas Crim. Rep., 514. This opinion was also written by Judge Harper. Again, when the testimony was introduced from the witnesses Mays and Lawhorn, the objection of the defendant should have been sustained on the theory of variance, if for no other reason not only as to the directness of the slander in the presence of these parties together, but also as to the language used by defendant as they testified compared with that set out in the information. In addition to the decisions already cited see Collins v. State, 39 Texas Crim. Rep., 30; Franklin v. State, 53 Texas Crim. Rep., 547. Also see Mr. Branch's Criminal Law under head of "Slander."

The court having admitted this testimony, it was error then to refuse to require an election between these offenses, but that will pass out by reason of the variance above discussed. There were other charges asked along the same line submitting these matters which were refused by the court. We are of opinion they should have been given, but they are not discussed because upon another trial, should further prosecution be had, the case will be tried in accordance with what has already been said. The information must correspond to what has been above said as found in a long line of cases discussing this and kindred questions. We are not discussing a case where there are several counts in the information. This information had but one count. There were also some exceptions to the charge because it was on the weight of the evidence and shifted the burden of proof. These matters will be avoided upon another trial. As the record is presented to this court it is thus briefly disposed of, because it is thought unnecessary to write at length.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HARPER, JUDGE, absent.