R. D. WEBB AND E. J. AUGEROT V. THE STATE.

No. 9590.  Delivered November 25, 1925.

1.—Burglary—Charge of Court—On Accomplice Testimony—Rule Stated.

Where it is unquestionably shown that witnesses who testify are accomplices, it is the better practice for the court to instruct the jury affirmatively that such witnesses, as a matter of law, are accomplices, but where the issue is submitted to the jury for their determination, it is not always a reversible error to fail to charge that they are in law accomplices. Following Franklin v. State 110 S. W. 909, and other cases cited. See also Branch's P. C., Sec. 712, for collation of authorities.

2.—Same—Evidence—Properly Admitted.

Where two defendants are jointly tried under a charge of burglary, there was no error in admitting evidence of the finding of the stolen property on the person and in the garage of one of the defendants as evidence against the other, and especially when some of the stolen property was found on each of the defendants, and the proof of the guilt of both was overwhelming. Following Allison v. State, 98 Tex. Crim. Rep. 60.

Appeal from the District Court of Potter County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction of burglary, penalty two years each in the penitentiary.

The opinion states the case.

*Reeder & Reeder,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is burglary, and the punishment is two years each in the penitentiary.

A sufficient statement of the facts will be made in the discussion of the complaints raised. The matters of sufficient seriousness to warrant discussion may be embraced under three complaints. First, appellant complains that the court erred in refusing to charge that the witnesses Bledsoe and Rainey were accomplices as a matter of law. Second, that there is no corroboration of the accomplices' testimony. Third, that the court erred in permitting the witness Townes to testify to searching the defendant Augerot and finding whiskey, a wrist watch and "jake" on him. The last complaint is urged by the appellant Webb only.

Adverting to the first complaint, the facts show that the witness Bledsoe testified in substance that he, appellant Webb and others ate a lunch at the White Kitchen in Amarillo, and he was left at said cafe by Webb and Augerot. That the appellants went off together and left the keys to the car with him, and told him to take the car and come around on Taylor Street and pick them up. That the drugstore burglarized had one door opening on Taylor Street. That a few minutes after appellants left, the witness Bledsoe and another party got in the car and came down on Taylor Street and picked up the defendant Augerot. That when they picked him up they asked where Webb was, and he said he didn't know. That witness was driving the car. That they passed the drugstore, and Webb came out of the drugstore through the door; that witness heard some glass crash, and Webb came out with something in his arms that he threw in the bottom of the car, and said, "get away from here." That witness later learned that what he had in his arms was whiskey. That they all went out to hide the whiskey, Webb telling them where to go. That they went out on North Filmore Street and drove out some two or three miles. That when they got out two or three miles they turned east at Webb's suggestion and went something like a mile east in a lane, and stopped in a kind of draw. That this was something less than a mile from the paved road; that when they stopped there both of the appellants got out of the car and that he and Bud Ramey stayed in the car. That the appellants took the whiskey, except one bottle, out of the car and went south and took the whiskey with them. That they didn't

say where they were going with it, and that witness was unable to recall anything that either of them said when they came back to the car. Witness admitted that he knew the whiskey had been stolen when he went out with them in the car. Substantially the same testimony was given by the witness Ramey.

Under this condition of the record, appellants contend that the court ought as a matter of law to have instructed the jury ·that the witnesses Bledsoe and ·Ramey were accomplices. Many authorities may be found supporting the declaration made by Mr. Branch in Sec. 712 of his P. C. that when there is no doubt that the. inculpatory witness is an accomplice the court should charge the jury peremptorily that such is his status. In the second paragraph. however, of said section the doctrine is also correctly stated that it is not always reversible error to leave it to the jury to determine whether a witness is an accomplice, although such fact be apparent. Franklin v. State, 110 S. W. 909; Oates v. State, 86 S. W. 771; Moree v. State, 83 S. W. 1118. We think the latter rule applies to the facts in this case.

In this case there is no contention on the part of the appellant that the charge actually given was not a correct statement of the law, but his sole contention is that the question should not have been submitted at all as an issue of fact to be found by the jury. We think that the latter would have been the better practice, but we have reached the conclusion that the matter is not of such importance under the authorities above cited as to warrant us in reversing this case under the facts disclosed by this record.

Appellant's second contention is that there is no evidence corroborative of the accomplice testimony. To this contention we cannot agree. The witness Mrs. Pegues testified that Webb's wife spent the night that the store was burglarized at witness' home. That both of the appellants came to her house that night, stayed a while, left together, and Webb came back again. That they were both drinking. That they had some whiskey with them, and that they laid it down on the floor of the living room. That it was in boxes; that she thought there was about eighteen of these boxes. The witness identified a package shown her as being the same size as the packages the appellants had at her house that night. She further testified that when they left they took the liquor with them, and when they came back the second time in about fifteen minutes they did not have it. This witness further testified that these parties came to her house about five. o'clock on the morning of

February 28th, and the record shows that the burglary happened from about twelve to two o'clock prior thereto. We think this was "some testimony tending to connect the appellants and each of them with the offense charged." The corroboration in order to be sufficient may be shown by either positive testimony or by circumstantial evidence. The owner of the store testified that he lost 21 pints of whiskey. That it was in boxes or cartons. As above stated, the record shows that these parties who their accomplices say stole this whiskey were found by the witness Mrs. Pegues in possession of about eighteen similar packages of whiskey some three hours after the burglary. It further shows that they were both drinking, and there is no explanation offered by them or either of them as to why they would be out at five o'clock in the morning carrying with them this quantity of liquor. In fact we think that no other conclusion can be reached from a fair construction of the testimony than that this was the same liquor that their accomplices testified that they stole from the drugstore that was burglarized on that night. In addition to this corroborative testimony, the record also discloses that said officers went to the home where defendant Webb lived, and with a search warrant searched the premises and found in the garage 21 pints of whiskey. That he found the appellant Augerot at this house, and searched him and found a half pint of whiskey in his pocket, and in his overcoat pocket found nine bottles of Jamaica ginger, and also found a wrist watch which the owner of the store circumstantially identified as a watch that was lost at the time of the burglary. We cannot agree with appellant's contention that there was no corroboration. On the contrary, we think it was ample if not overwhelming.

Neither do we think there is any merit in the appellant Webb's contention that the court erred in permitting the officer Townes to testify against him as to searching his co-defendant Augerot and finding whiskey, a wrist watch and Jamaica ginger in his pockets. This search took place at appellant's home, and in addition to that we think that the testimony relates to those acts which are but the development of the transaction making out the offense charged. We know of no case that holds that it is not permissible to make proof of the finding of the stolen property and to show the conditions under which it is found. Appellant does not seem to dispute this proposition of law, but seriously contends that there was an entire lack of identification of the property. We think

this contention is not sound. On the contrary, we think the circumstances were overwhelmingly sufficient to establish the identification of the property found in possession of the defendant Augerot and in the garage of the appellant Webb as being the same property stolen from the store that was burglarized. Allison v. State, 98 Tex. Cr. Rep. 60.

Finding no error in the record justifying a reversal of the case, it is our opinion that the same should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.