## C. E. BANDY v. THE STATE.

No. 21963. Delivered March 4, 1942.

458

The opinion states the case.

*Bartlett & Bartlett,* of Marlin, for appellant.

*Charles E. Reagan,* District Attorney, of Marlin, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the willful burning of the Liberty School house in Falls County, and by the jury given a sentence of two years in the penitentiary.

We think the facts were sufficient to show that enough of the fire had been communicated to the structure of the building upon which to base a finding of arson upon the part of the jury.

It appears that the ownership of this building was alleged to have been in three trustees, Luther Kilgore, A. E. Feind and M. A. Phelps, and it was shown to have been intended to allege such ownership because of the fact that they were trustees of the Liberty Common School District. It was also further shown, however, that Luther Kilgore had been elected a trustee for such district and had served as such, but had resigned sometime in July previous to the fire in November, and that no one had been appointed to take his place, and that therefore there were only two trustees in possession of such property at the time of the alleged burning.

On page 1320, Sec. 2441, Mr. Branch, in his Penal Code, says:

"If ownership is laid in two or more persons jointly and the proof shows that one or more persons named as joint owners had no interest in the property, the variance is fatal, and the court should direct an acquittal. Franklin v. State, 53 Texas Crim. Rep. 549, 110 S. W. 909; Hardeman v. State, 58 Texas

Crim. Rep. 51, 124 S. W. 632." to the same effect is Hernandez v. State, 43 Tex. Cr. R. 80, 63 S. W. 320; Grantham v. State, 59 Tex. Cr. R. 556, 129 S. W. 839.

It is also observed by us that, relative to the alleged confession of appellant, it was claimed by him that no warning was given him relative to the fact that he did not have to make any statement at all, and that any statement that he did make could be used against him, as is provided by Art. 727, C. C. P. True it is, the assistant district attorney, who took such statement, testified that he did thus warn appellant, but such was denied by appellant, and thus arose a question of fact to be determined by the jury under proper instructions of the trial court. The trial court did properly instruct the jury in regard to the voluntariness of the statement, and told the jury unless they found such to have been voluntarily made, to not consider the same for any purpose. The appellant then presented the trial court with a requested charge relative to the giving of such warning as shown by appellant's bill of exceptions No. 3. Evidently the trial court was under the impression that this matter had been covered in his instruction relative to the voluntary character of the confession. Unfortunately such was not covered by that paragraph, and nowhere in such charge was that phase of the case charged upon.

We think such failure was error, as well as the failure to prove the possession of such house as laid in the indictment; and we also think the court's charge should have required the possession should have been the joint possession of all trustees.

In the event of a further indictment, the ownership should be alleged in the two persons who were trustees, and no mention made relative to an attempt at arson therein.

For the errors discussed the judgment is reversed and the cause remanded.