



# THE ATTORNEY GENERAL
# OF TEXAS
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

October 18, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-698

Re: Several questions
respecting the re-
demption of real
property from the
taxing unit more
than two years
after the foreclo-
sure sale.

Dear Mr. Sheppard:

Your letter requesting our opinion upon the above-
captioned matter reads as follows:

"In addition to the question answered by your
Opinion No. V-586, this department desires your
answer to the following questions:

"1. May the original owner of property sold
for taxes, and bought in by the suing tax-
ing unit redeem such property after the
two-year period of redemption has run
and while title remains in the taxing unit?

"2. In a case where the original owner ten-
ders to the assessor-collector the amount
of money due after the period of redemp-
tion to redeem his property, and the as-
sessor-collector accepts such money and
issues a redemption receipt after the pe-
riod of redemption has run is this depart-
ment authorized to issue its redemption
certificate?

"3. When property is bought in by a taxing
unit at a tax foreclosure sale and is deed-
ed to such taxing unit, but the deed is not
placed of record for an indefinite period
of time, may the original owner of such
property redeem his property at any time
after the judgment has been taken and the

property sold and before two years has
elapsed from the date the deed is plac-
ed of record?"

We shall answer your questions categorically in the
order presented. The answer to No. 1 is "no"; the answer to
No. 2 is "no"; and the answer to No. 3 is "yes," with the qual-
ification hereafter noted as to whether redemption is under
Section 12 of Article 7345b, as amended by H. B. 695, 50 th
Legislature.

A few recent cases by our Supreme Court will suf-
fice to show the correctness of the foregoing answers. In the
case of Rolison et al v. Puckett et al, 198 S.W. (2d) 74, Justice
Sharp, speaking for the Court, said:

"The judgment of foreclosure was not void,
and under the facts of this case the city, by vir-
tue of such judgment and sale thereunder, be-
came the owner of the title to this property after
the two years redemption period expired."

A more explicit and extended statement is made by
Justice Simpson in the case of State v. Moak et al, 207 S.W.
(2d) 894, as follows:

"It will be observed that under the statute
(referring to Sec. 12 of Art. 7345b) the Hurleys,
defendants in the tax foreclosure of 1939 right-
fully remained in possession of the property in
suit until two years after the date of the fore-
closure sale. . . Up until the expiration of that
period, the Hurleys, or anyone having an inter-
est in the property, their heirs, assigns, or le-
gal representatives, could have redeemed the
title by making an appropriate payment, and
thus could have effectually extinguished the
right of the city, county and state as purchas-
ers at the foreclosure sale. On the other hand,
in the absence of an adequate tender, the rights
of those entitled to redeem automatically and
instantly expired at the end of the redemption
period. . . . The rights of those entitled to re-
deem expired by failure to make a timely and
adequate tender. The only interest in the land
now extant is that acquired by the taxing units."

A more recent case is State of Texas v. City of
San Antonio, opinion by Justice Brewster, 209 S.W.(2d) 756,

in which it is said:

> "The city and school bid in the lot in fore-
> closure against Barnes; the sheriff's deed was
> executed and delivered to them on September 6,
> 1938, and duly filed for record on September 27,
> 1938. The trial court's judgment in the case at
> bar recites that the period of redemption in fa-
> vor of Barnes expired on December 27, 1940;
> that since then the title to the lot has been vest-
> ed in the city and school district, and they have
> owned and held the title 'solely for the purpose
> of collecting taxes thereon.' . . .

> "The trial court's judgment recited that the
> city and school district were 'owning and holding
> said property solely for the purpose of collecting
> taxes thereon,' which can mean nothing except
> that they were holding it until it could be sold.
> That was an owning and a holding for a public
> purpose, under Article XI, Section 9 of the Con-
> stitution. City of Austin v. Sheppard, 144 Tex.,
> 291, 190 S.W. (2d) 487. Barnes' right to redeem
> the lot expired on December 27, 1940."

It is now definitely settled by the foregoing cases
that if the owner, or others having the right of redemption,
do not exercise that right by making an appropriate and time-
ly tender of the amount prescribed by statute within two years
from the date of the recording of the purchaser's deed to the
purchasing taxing unit, the right of redemption becomes ex-
tinguished, and the title vests absolutely in the purchasing
taxing unit for the benefit of itself and all other taxing units
having tax liens against the property as provided in Article
7345b, V.C.S.

This statement is qualified only by our Opinion V-362,
wherein we held that in tax suits reduced to judgment prior to
June 23, 1947, the effective date of H. B. No. 695, 50th Legis-
lature, amending Art. 7345b, V.C.S., and especially Sec. 12
thereof with respect to redemption, the redemption period
runs from the date of sale and not from the date of the record-
ing of the purchaser's deed as provided in the amendment to
said Sec. 12 of Art. 7345b, V.C.S. (Emphases throughout sup-
plied by writer.)

## SUMMARY

If the right of redemption is not exercised by the owner or others having the right to redeem under the statute within two years from the date the redemption period begins to run, the title of the purchaser becomes absolute. The redemption period begins to run from the date of sale in tax suits reduced to judgment prior to June 23, 1947, the effective date of H. B. No. 695, 50th Leg., and begins to run two years from the date of the recording of the purchaser's deed in suits filed prior to said June 23, 1947, but not reduced to judgment until thereafter and as to all suits filed after the effective date of said amendment.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *L. P. Lollar*

L. P. Lollar
Assistant

LPL/JCP

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL