**Ben McCALLISTER, Appellant,**
v.
**The STATE of Texas, Appellee.**

No. 05–83–00499–CR.

Court of Appeals of Texas,
Dallas.

June 14, 1984.

Rehearing Denied July 5, 1984.

Discretionary Review Refused
March 13, 1985.

Michael Nelson, Lawrence Mitchell, Dallas, for appellant.

Donald Davis, Dallas, for appellee.

Before STOREY, STEWART and SHUMPERT, JJ.

SHUMPERT, Justice.

This is an appeal from a conviction of murder. Appellant contends that the trial judge committed reversible error in refusing to give the jury his requested instruction regarding the consideration of his written confession. We agree, and accordingly, we reverse.

It is undisputed that the trial judge instructed the jury on the voluntariness of the confession pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.22 §§ 6 & 7 (Vernon 1979). Appellant contends, however, that the jury was improperly instructed because there was a fact issue as to whether he was warned that he could at any time terminate the interview during which he made his confession, and the jury was not instructed to consider whether he had received that warning.

During the trial, a police officer testified that he read appellant all of the warnings necessary for a written confession to be admissible under TEX.CODE CRIM.PROC. ANN. art. 38.22 § 2 (Vernon 1979). One of those warnings concerns the right to terminate the interview at any time. Appellant, however, testified as follows:

Q. Did they ever tell you that you could stop the interview at any time?

A. No.

 \* \* \* \* \* \*

Q. He was the one who told you you don't have to talk to us. You've got a right to remain silent. *You've got*

*the right to stop talking.* You don't even have to talk to us. That's what Johnson told you. (emphasis added).

A. No; he never said that. No; he never said that.

We agree with appellant that a fact issue was raised.

 The confession here had been found admissible by the trial judge. The instruction to be given the jury when there is evidence before it as to the voluntariness of the confession, however, relates to the jury's consideration of the confession—not the confession's admissibility. *Moon v. State,* 607 S.W.2d 569, 572 (Tex.Crim.App. 1980); *Scott v. State,* 434 S.W.2d 678, 680 (Tex.Crim.App.1968), *cert. denied,* 395 U.S. 925, 89 S.Ct. 1781, 23 L.Ed.2d 242 (1969). If there is a fact issue regarding any of the article 38.22 warnings, and a proper request for an instruction regarding the issue is made, the jury must be instructed to consider the issue in determining the weight it gives the confession. *White v. State,* 289 S.W.2d 279, 281 (Tex.Crim.App. 1956); *Bandy v. State,* 143 Tex.Cr.R. 457, 159 S.W.2d 507, 508 (1942); *see Winegarner v. State,* 505 S.W.2d 303, 304 (Tex. Crim.App.1974). The conflicting testimony here raised the fact issue of whether appellant was warned that he had the right to terminate the interview at any time. While appellant's requested charge contained an instruction on that issue, the charge given to the jury did not. *Appellant's ground of error is sustained.*

Reversed and Remanded.