COMMONWEALTH *vs.* JOHN O'BRIEN & others.[a]

An indictment with a single count charging an assault upon two at the same time is good, and may be supported by proof of an assault upon one only.

INDICTMENT, in Middlesex, with a single count, alleging that the defendants on October 2, 1870, at Lexington, " in and upon Alonzo L. Tuttle and Luke Tuttle did make an assault, and the said Alonzo L. and Luke did then and there beat, bruise, wound and ill treat, and other wrongs to the said Alonzo L. and Luke then and there did, against the peace," &c.

At the trial in the superior court, before *Scudder*, J., there was evidence tending to show that only one of the Tuttles was assaulted; and the defendants prayed for a ruling that if the assault was on one only of the Tuttles the jury must acquit the defendants. But the judge declined so to rule ; the jury found the defendants guilty; and they alleged exceptions.

*R. Stone, Jr.*, for the defendants, cited *State* v. *McClintock*, 8 Iowa, 203 ; *Kenney* v. *State*, 5 R. I. 385.

*J. C. Davis*, Assistant Attorney General, (*C. Allen*, Attorney General, with him,) for the Commonwealth.

GRAY, J. It is now well settled, though it was once held otherwise, that a man who assaults two persons at the same time may be charged in a single count with the assault upon both as one breach of the peace. *Rex* v. *Benfield*, 2 Burr. 980, 983, 984. *Anon.* Lofft, 271. *Regina* v. *Giddins*, Car. & M. 634. *Commonwealth* v. *McLaughlin*, 12 Cush. 615.

The indictment therefore duly charging an assault upon Alonzo and upon Luke, a conviction thereon is supported by proof of an assault upon either, within the elementary and universal principle of criminal law, that it is enough to prove so much of the indictment as shows that the defendant has committed a substantive crime therein specified, although he is not shown to have been guilty of all that is charged against him. *Commonwealth* v. *Griffin*, 21 Pick. 523. *Commonwealth* v. *Livermore*, 4 Gray, 18. *Jennings* v. *Commonwealth*, 105 Mass. 586. *Rex* v. *Carson*, Russ. & Ry. 303.

It was argued that this was like the case of an indictment for larceny of goods of A. and B., which would not be supported by proof of stealing the goods of A. only. But that is because such an indictment does not charge a theft of the property of A. and the property of B., but only of the joint property of both. The present case is more analogous to that of an indictment for the larceny of the goods of A. and the goods of B., which is supported by proof of stealing the goods of either. In this case, as in that, the substance of the crime charged is fully proved, although it is not shown to have affected so many persons as it is alleged to have done. *Exceptions overruled.*