## H. COLEMAN, *alias* BLACK, *v.* THE STATE.

1. INDICTMENT.—If, eliminating surplusage, an indictment so avers the constituents of the offense as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance under our Code.

2. SAME—BURGLARY WITH INTENT TO STEAL.—It is not necessary that an indictment for burglary with intent to steal shall specify the articles so coveted by the accused. Less particularity in this respect is requisite than would be in an indictment for burglary alleging an *actual* theft.

3. SAME—CASE STATED.—After charging the burglarious entry, the indictment alleged that the intent of the accused was "fraudulently, feloniously, and burglariously to take, steal, and carry away from the said house, and from the possession of the said P., the corporeal personal property of the said P., then and there of the value of fifty dollars, without the consent of the said P., with the intent to deprive the said P., the owner thereof, of the value of the same, and to appropriate the same to the use and benefit of him," the defendant. *Held*, sufficient to allege the intent of the defendant, and the ownership and description of the property within his purview.

4. NOTE the references in the opinion to acts of the fifteenth legislature abrogating theft from a house as a specific offense, and amending Articles of the Penal Code relating to simple theft and to burglary.

APPEAL from the District Court of Smith. Tried below before the Hon. M. H. BONNER.

The case is stated in the opinion of the court. The extract from the indictment embodied in the third head-note omits the phrase held to be surplusage.

*Reaves & Dodd*, for the appellant, filed an able argument to sustain the exceptions to the indictment, and cited *Wilburn* v. *The State*, 41 Texas, 237 ; *The State* v. *Williams*, 41 Texas, 100 ; *Martinez* v. *The State*, 41 Texas, 167 ; *Boyle* v. *The State*, 37 Texas, 360, and the several acts of 1876 referred to in the opinion of the court.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.    The defendant was indicted, tried, and convicted in the district court of Smith county, for burglary, and the penalty assessed at two years and a-half in the penitentiary.

The charging part of the indictment is as follows : " That Henry Coleman, *alias* Henry Black, late of the county of Smith, on the 25th day of September, in the year of our Lord one thousand eight hundred and seventy-six, in the night-time, and about the hour of nine o'clock at night of the day last above named, with force and arms, in the county of Smith and state of Texas, did then and there fraudulently, feloniously, burglariously, and by force did then and there break and enter into a certain house, then and there situate in the town of Tyler, in the county and state aforesaid, the said house being then and there a store and grocery house, and the same being then and there occupied and used by J. A. Pegues as a store and grocery house, and that the said Henry Coleman, *alias* Henry Black, did then and there enter said house, as aforesaid, with the intent then and there fraudulently, feloniously, and burglariously to take, steal, and carry away from the said house, and from the possession of the said J. A. Pegues, the corporeal personal property of the said J. A. Pegues, then and there of the said house, being then and there of the value of fifty dollars, without the consent then and there of the said J.

33

A. Pegues, with the intent then and there to deprive the said J. A. Pegues, the owner thereof, of the value of the same; and to appropriate the same to the use and benefit of him, the said Henry Coleman, *alias* Henry Black, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state."

The defendant filed a number of exceptions to the indictment, all of which were overruled by the court. While the indictment is not very artistically drawn, we think it is not obnoxious to the 1st exception to it, viz. : " That there is no offense charged in the indictment in plain and intelligible language, as required by law." It sufficiently notifies the defendant of the charge he is called to answer, and to plead the judgment to be given upon it in bar of any prosecution for the same offense ; and that is all that is required by the statute. Pasc. Dig., Art. 2865.

We think that the indictment does not leave it uncertain as to who is the owner of the property intended to be taken. It charges it to be the corporeal personal property of J. A. Pegues, and the words " then and there of the said house" may well be held as surplusage without vitiating the indictment. By leaving these words out of the indictment, it contains all the material and necessary averments, and would not alter the sense of the language as used.

And we think it sufficiently charges the value of said property as being of the value of $50. Take the words " the corporeal personal property of the said J. A. Pegues, then and there of the said house, being then and there of the value of fifty dollars," which are quoted in defendant's 3d exception to the indictment, in connection with the averment immediately preceding them, which reads " with the intent then and there fraudulently, feloniously, and burglariously to take, steal, and carry away from the said house, and from the possession of the said J. A. Pegues," and it appears sufficiently plain.

The indictment, we believe, does charge defendant with the offense of burglary, in having in the night-time entered the store and grocery-house of J. A. Pegues, with force and arms, under circumstances constituting burglary, with the intent then and there fraudulently to take and steal corporeal property of the said J. A. Pegues, of the value of $50, from the said house and possession of the said Pegues, without his consent, etc.

It does not name specifically the articles of property that defendant entered the house with the intent to steal, nor do we believe this was absolutely necessary. In an indictment for burglary and larceny at common law it is usual to charge specifically the articles of property stolen, but the same particularity is not required in burglary with intent to steal.

We do not believe that it is equally as important to describe specifically the property intended to be stolen as it is the property actually stolen, in indictments for burglary. This court has decided that, in charging a burglarious entry into a house with intent to commit a theft, the indictment need not specifically, and by name, set out the property which the accused intended to steal; and this is not in conflict with the opinion delivered by us in the case. *White* v. *The State*, 1 Texas Ct. of App. 211 ; *Martin* v. *The State*, 1 Texas Ct. of App. 525; *Spears* v. *The State*, 2 Ohio St. (N. S.) 585 ; 2 Bishop's Cr. Proc. 146 ; 1 Whart. Prec. of Indict. 370.

The counsel for the defendant further contends that there is no evidence in the record to show that the accused broke and entered the house with the intent to steal property of the value of $20 ; that the acts of the accused, after he entered the house and during the time he remained in it, taken together, show he only intended to get a jug of cider, and nothing else, and that this was not a felony at the time

the offense in the indictment is charged to have been committed, to wit, on September 25, 1876.

Our attention has been called to several acts of the fifteenth legislature of this state, bearing on this point. Article 764 of the Penal Code, which made theft from a house a felony, was repealed by act of the fifteenth legislature, approved August 21, 1876, which took effect from and after its passage. See Gen. Laws Fifteenth Legislature, 233.

On the same day the legislature, by a general act, amended Article 757 of the Penal Code so as to read as follows, viz. : " Theft of property under the value of twenty dollars shall be punished by imprisonment in the county jail for a term not exceeding one year," etc. Gen. Laws Fifteenth Legislature, 242. This last act took effect also from its passage.

The same legislature passed an act amending Article 724 of the Penal Code so as to make it read as follows : "Article 724. The offense of burglary is constituted by entering a house by force, threats, or fraud, at night, or in like manner by entering a house during the day and remaining concealed therein until night, with the intent in either case of committing a felony or the crime of theft. This act took effect ninety days after the adjournment of the legislature. Gen. Laws Fifteenth Legislature, 231.

The presiding judge in the district court, after defining the offense of theft, and properly instructing the jury as to the law of the case in other respects, proceeded to charge the jury as follows : " That, in order for the jury to find the defendant guilty, you must believe from the evidence, beyond a reasonable doubt, that the defendant, as charged in the indictment, entered the store and grocery house of J. A. Pegues in the night-time, under circumstances which made him guilty under the law of this charge ; and that said entry was made with the intent to commit the offense of theft of

·corporeal personal property of J. A. Pegues, of the value of .*twenty dollars* or over. The intent of the defendant is to be ascertained from all the facts and circumstances in evi- ·dence."

We think the judge in his charge meets this last objection ·of defendant's counsel. He left the jury to determine from all the facts before them whether or not the defendant, as ·charged in the indictment, entered the store and grocery house of J. A. Pegues, with the intent to steal therefrom the corporeal personal property, of the value of $20, of said. Pegues. The evidence shows there was more than $20 ·worth of the property of said Pegues in the house at the time the defendant broke and entered it, and he was caught in the house ; and we cannot say that the verdict of the jury ·is contrary to the evidence on this point.

The judge of the lower court had already given substan- tially the instructions asked by the counsel for the defendant, .and he did not err in refusing the instructions asked.

We find no error in the record that would authorize us to reverse the judgment of the district court.

The judgment is, therefore, affirmed.

*Affirmed.*