## RAS BURKE *v.* THE STATE.

1. INDICTMENT. — Surplusage may be eliminated from an indictment without affecting it, where the averments are sufficient to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution.

2. SAME — BURGLARIOUS ENTRY WITH INTENT TO COMMIT RAPE. — The indictment charges defendant with "unlawfully, feloniously, and burglariously" entering the house of J. M. R., "there situate, with intent, then and there, unlawfully, feloniously, and burglariously, and against the will" of A. I., her, the said A. I., to ravish and carnally know, etc. *Held*, sufficient to charge the intent. While, under an indictment for *assault* with intent to rape, the corporeal, personal presence of the female at the time and place of the assault would be indispensable, it is not so under an indictment for burglarious *entry* with intent to commit rape. The evidence may show the *intent* in forcing the entry into the house, and as the intent constitutes the gist of the offence, the actual presence of the female is immaterial.

3. BURGLARY — ENTRY. — Entry, under our statute, does not signify the

entrance of the whole body, but may consist in the entry of any part of the body, for the purpose of committing a felony.

4. SAME—FORCE.—The slightest force will constitute breaking. It may be by lifting the latch of a closed door, raising a window, the entry at a chimney, or other unusual place.

APPEAL from the District Court of McLennan.    Tried below before the Hon. L. C. ALEXANDER.

The testimony of the prosecutrix shows that the appellant, in the early morning of the day charged in the indictment, came to the window of the room in which witness was sleeping, broke out a pane of glass, and removed the stick which was placed above the lower sash to secure it, and placed it under the sash, having raised it, to keep it up. Witness screamed, asked appellant, " Who are you, and what do you want?" to which appellant responded, " If you don't hush I will kill you;" whereupon witness screamed again, and called for the proprietor of the house. The witness identified the appellant.

J. M. Reviere, the proprietor, testifies that he heard the screams of the first witness, and on coming out of his room to the gallery, saw a man making his escape through the gate. On learning from the prosecuting witness the cause of her alarm, he examined the window and found the lower sash raised, and held up by a stick that was used to confine it when down ; and found one pane of glass broken out, and bits of glass scattered about. Witness also found an inverted box under the window, on the outside.

Defendant's counsel attempted to prove that defendant was mentally incapable of distinguishing right from wrong, by showing that on one occasion he gave his age as "thirty, going on twenty," and by showing eccentricities in his conduct.

*Clark & Dyer,* for the appellant.

*George McCormick,* Assistant Attorney-General, and *W. B. Dunham,* for the State.

White, J.    Appellant was indicted, under article 724 of the Penal Code ('Pasc. Dig., art. 2359; Gen. Laws Fifteenth Legislature, 231), for burglary, the breaking into the house having been accomplished with the intent to commit rape.    The statute, as now amended, reads as follows: "The offence of burglary is constituted by entering a house by force, threats, or fraud, at night; or in like manner by entering a house during the day and remaining concealed therein until night, with the intent, in either case, of committing a felony or the crime of theft." Acts Fifteenth Legislature, 231.

As stated in the indictment, the charge reads: "That Ras Burke, late of said county, on the second day of April, A. D. eighteen hundred and seventy-eight, with force and arms, in the county and State aforesaid, did then and there, unlawfully, feloniously, and burglariously, about the hour of four o'clock at night of said second day of April, A. D. 1878, break *and a window pane out of the window*, and did hoist the window and enter the dwelling-house of John M. Reviere, there situate, with intent then and there, unlawfully, feloniously, and burglariously, and against the will and consent of Agnette Ingstad, her, the said Agnette Ingstad, to ravish, and carnally know, by force and threats, and by assaulting and threatening to take the life of her, the said Agnette Ingstad, contrary," etc.

The objections to this indictment, as presented in the motion in arrest of judgment, which was overruled, and as insisted upon with great force in the able brief of the counsel for appellant, are that the allegations quoted are insufficient.

We believe that the words, "and a window pane out of the window," which we have italicized above, are meaningless, and can and should be stricken from the indictment as surplusage.    1 Bishop's Cr. Proc., sec. 478; *Coleman* v. *The State*, 2 Texas Ct. App. 512.    We shall consider and treat them as stricken out.

The first objection to the indictment, then, is that it fails to aver that Agnette Ingstad, the woman intended to be ravished by defendant, *was in the house*, or that the intent was to ravish her *in the house*. In our opinion, these objections are not well founded. The words " with intent then and there," connect all the way through with the words " her, the said Agnette Ingstad, to ravish and carnally know." If it be conceded that it is absolutely essential that an indictment of this character should fix by positive averment the *situs* of the female intended to be assaulted, then, we think, a fair construction of the language of the charge fully meets the requirement. In this regard the indictment conforms to the precedent approved by Mr. Wharton, in his standard work on Precedents, 376, 377.

We can readily imagine a case where a party might commit and be legally convicted of a burglarious entry with intent to commit rape, where the female intended to be ravished was actually not in the house at the time of the entry. It is the intent which constitutes the gist of the crime, and this intent is a matter to be ascertained and determined by the jury, from all the facts and circumstances in evidence before them. *Dibrell* v. *The State*, 3 Texas Ct. App. 456; *Coleman* v. *The State*, 2 Texas Ct. App. 512.

If the charge was an *assault* with intent to commit a rape, we grant that the corporeal personal presence of the female, at the time and place when and where the assault was made, would be indispensable to the proof, and equally as essential, by way of allegation, to the indictment. Not so, we imagine, in a case like the one under consideration. A party may deliberately plan, and, in fact, go so far towards consummation of his purposes as to break into a house in the night-time with intent to commit rape, and all the facts and circumstances may show that that, and that alone, was his intention, though at the time the female, unknown to him, was not in the house; and yet, because she happened

to be absent at the time of such entry and his detection, will it be insisted that a jury would not be warranted in finding him guilty of burglary, with such felonious intent? If the entry in the house was effected in the day-time, and the party concealed himself therein until night, as we have seen from the statute quoted, he is guilty of burglary if his intent was felonious; and if rape was his purpose, his guilt would be complete and conviction sustained though the female intended to be ravished had not entered the house prior to his detection, so that the facts established to the satisfaction of the jury that such must have been and was his intention.

In either of these supposed cases it would hardly be expected that the intelligent pleader, knowing the facts, and the necessity of conforming his averments to them, would allege the presence of the female in the room or house at the time of such entry.

It will appear that when the italicised words which we have denounced as surplussage are eliminated, it becomes too plain for argument that the other remaining objections to the sufficiency of the indictment are without foundation, and, being so, require no discussion at our hands.

No objection is raised to the charge of the court, nor indeed could be. It is perfect and complete in all its parts and as a whole, and most ably presented the law applicable to the facts.

The sufficiency of the evidence is denied, and it is specially insisted that it fails to support the allegations, either of entry or that the burglarious intent was to ravish Agnette Ingstad. The proof of entry, we think, comes up fully to the standard measure of the statute. Article 726 of the Penal Code (Pasc. Dig., art. 2362) reads: "The entry is not confined to the entrance of the whole body; it may consist of the entry of any part, for the purpose of committing a felony." And again, article 2363, Paschal's Digest, is as follows: "By the term *breaking*, as used in

---

---

article 725, is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking ; it may be by lifting the latch of the door that is shut, by raising a window, the entry at a chimney, or other unusual place,'' etc. See also *Franco* v. *The State*, 42 Texas, 276, for a case where the entry proven was similar in character to that proven in the case at bar, and which was held sufficient by our Supreme Court to support a charge of burglary.

As remarked before, the intent was a matter to be determined by the jury from all the facts and circumstances established in evidence. If defendant had any other purpose or intent than the one charged in the indictment, then we confess that, like the jury, we have been unable to discover it in the record before us. We think the jury were fully warranted in coming to the conclusion of defendant's guilt as alleged.

There being no error in the proceedings or judgment of the court below, the judgment is in all things affirmed.

*Affirmed.*