## J. O. BROWN V. THE STATE.

No. 7810. Delivered June 20, 1923.

Rehearing Denied Dec. 12, 1923.

Second Rehearing Granted Nov. 4, 1925.

### 1.—Sale of Intoxicating Liquor—Indictment—Variance—Not Fatal.

Where an indictment charges a sale of intoxicating liquor to three persons, and on the trial the proof disclosed that all three contributed money for the purchase, divided the whiskey purchased, and that two of the purchasers negotiated with the seller, there is not such a variance between the allegation and proof as will vitiate the verdict. Following Price v. State, 202 S. W. 948. On a second rehearing a majority of the Court overruled this conclusion.

ON REHEARING.

### 2.—Same—Allegation and Proof—No Fatal Variance Shown.

On rehearing we cannot agree with appellant's contention that there is a fatal variance between the allegation in the indictment and the proof. We do not conceive it necessary to make a legal sale to three parties, that each of said three take a part in the conversation resulting in the sale. An acting together of the three, coupled with their personal presence at the place of the sale, their reception of the liquor, division of same, and joint payment for same, seems to make out a state of facts which meet the allegation in the indictment. This conclusion has, however, been overruled by a majority of the Court on a second rehearing.

ON SECOND REHEARING.

### 3.—Same—Indictment—Allegation and Proof—Variance Fatal.

Permission having been granted to file a second motion for rehearing, appellant's contention that there is a fatal variance between the allegations in the indictment in this cause, and the proof, will be sustained by a majority of the Court.

### 4.—Same—Indictment—Allegations In—Must be Proven as Set Out.

Where a pleader sets out in his indictment his allegation with too great particularity he is bound by them, as pleaded. Where an indictment charges a sale of intoxicating liquor to three men naming them, the proof must show that the sale was made to the *three* men, and if it but shows a sale to one or two of those named, there is a fatal variance between the allegation and the proof. Following Price v. State, 83 Tex. Crim. Rep. 322, and other cases cited.

5.—Same—Continued.

And this rule of practice holds good, even though all three of the parties who are alleged to have bought the whiskey agreed together, without the knowledge of the seller, and contributed jointly to its purchase, and divided it between themselves. Having no knowledge of such an agreement, or that a party unknown to him was a purchaser, appellant's status as a seller could not be fixed by the acts of others, which were unknown to him. The issue of variance was fairly presented to the trial court by a special charge, which was refused, and our original opinion is overruled and the cause now reversed, and remanded.

CONCURRING OPINION.

6.—Same—Indictment—Requisite Of.

The Legislature of this State has enacted Statutes setting forth certain requisites, essential to the validity of an indictment, and the courts have uniformly insisted, both in averment and proof, upon a substantial compliance with these provisions. See Huntman v. State, 12 Tex. Crim. App. 619, and other cases collated in Harris' Const. of Texas, p. 85, note 36. See this concurring opinion for an exhaustive discussion of the subject and collation of authorities. Also see dissenting opinion of Judge Lattimore.

Appeal from the District Court of Eastland County. Tried below before the Hon. Geo. L. Davenport, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Chastain & Judkins,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Eastland County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Only the second count in the indictment was submitted to the jury. Same charged a sale of intoxicating liquor by appellant to Crossley, Speer and Gorman. But one question is raised. Appellant insists that there is a variance between the allegation and the proof in that, as he claims, the sale was made to Gorman alone.

The proof shows that the three named drove together to appellant's house about 9:30 or 10 o'clock at night in a car. Their purpose was to get whiskey. Crossley opened negotiations with appellant but they not agreeing upon the price, Gorman concluded the trade and procured a half gallon of whiskey.

.The price was eight dollars. No money was paid to appellant that night though Crossley and Speer paid to Gorman their part of the purchase price, which was in turn paid to appellant the next day by Gorman. The three parties were together when the whiskey was bought. It was understood that it was being bought by all three and for all three and was divided between them that night. This constitutes no variance. The proof shows a sale to the parties named in the indictment. Price v. State, 202 S. W. Rep. 948. The court charged the jury that in order for them to acquit they must believe beyond a reasonable doubt that appellant sold to Claud Crossley, Herman Gorman and A. W. Speer the liquor mentioned in the indictment.

There are other matters complained of in the record but in none of them do we find any question raised which has not already been decided by this court adversely to appellant's contention.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is strenuously insisted that the allegation in the indictment being of a sale to Crossley, Gorman and Speer and the court having submitted to the jury appellant's guilt predicated upon a sale to Crossley, Gorman and Speer, that the conviction can not stand because the proof does not show a sale to all three of said parties. The testimony shows the three named agreed on the night in question to go and procure some whisky. They each and all agreed that they would contribute to the payment for the liquor. They went together to appellant's house. One of them called him out and asked him the price of the liquor. Failing to agree, another one of the three took up the negotiations and consummated the purchase. All three were present and present in pursuance of the common object and all three carried the liquor away and divided it among themselves when they reached town and each man paid his quota of the price. Had the law been in the condition it was prior to the amendment exempting the purchaser from being an accomplice, there could be no question but that each of the three named would be an accomplice, each having contributed to the purchase of the liquor and being present when the same was purchased, and having received his part of same. We do not conceive it necessary to make a legal sale to three parties, that each of said three take part in the conversation resulting in the sale. An acting together of the three

coupled with their personal presence at the place of the sale, their reception of the liquor, their division of same, and their joint payment for same, seems to make out a state of facts which meets the allegations in the indictment. The authorities cited by appellant but hold that the indictment must name the purchaser, and that the proof must meet the allegation.

The motion for rehearing will be overruled.

*Overruled.*

## ON SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant presents a request for permission to file a second motion for rehearing. After a careful re-examination of the entire record we have concluded that the request should be granted and the motion considered.

The indictment charged the sale of liquor to have been made to three parties, viz: Crossley, Gorman and Speers. The evidence shows the three agreed to purchase whiskey, divide it among them and each contribute to the purchase price. This agreement was carried out in so far as the three alleged purchasers were concerned, and the original opinion and that on former rehearing were based largely on the fact that they were acting together in the matter. We have concluded that appellant's status, however, cannot be fixed from that viewpoint. The agreement among Crossley, Gorman and Speer was entered into at the town of Carbon, appellant not being present at the time and having no knowledge thereof. The three parties went in an automobile to a point in the road near appellant's house some miles in the country. Crossley left the car, went to the house, waked appellant, and negotiated with him for the purchase of a half-gallon of whiskey; these negotiations failed in consummating a sale because the price could not be agreed on. Gorman and Speer had remained in the car; just how far it was from the house is not shown by the record, but Gorman and Speer did not hear Crossley's interview with appellant. When Crossley returned to the car he reported his failure to drive a bargain whereupon Gorman went to the house and reopened negotiations, leaving Crossley and Speer at the car. Gorman was more successful. He and appellant agreed on eight dollars for the whiskey which Gorman agreed to pay the next day, and the whiskey was delivered to Gorman who took it to the car. Crossley and Speer did not hear appellant's and Gorman's trade. The three parties returned to town, divided the whiskey, and Crossley and Speer each gave to Gor-

man the money for their part of it, and the next day he paid all of the purchase price to appellant.

The state had alleged a joint sale to all three of the parties and was bound to support the averment by the proof. Ellington v. State, 86 S. W. Rep. 330; O'Shennessy v. State, 49 Tex. Crim. Rep., 600, 96 S. W. Rep. 790; Sessions v. State, 98 S. W. Rep., 243. It was so held by this court when the sale of intoxicating liquor was a misdemeanor, and we see no reason now for liberalizing the rule when the offense is a felony. The case of Price v. State, 83 Tex. Crim. Rep., 322, 202 S. W. Rep., 948 is direct and recent authority that the proof must support the allegations as to the purchaser. The evidence shows beyond dispute that Speer was not known to appellant in the transaction. So far as the latter was concerned Speer might have remained in town, or have had no existence whatever. There could be no meeting of the minds of appellant and Speer on a contract of sale when appellant was unaware of Speer's connection with the purchase. To hold otherwise would in effect overrule the cases cited and many others noted in Price v. State, (supra). This we have no disposition to do believing they announce a correct rule.

The attention of the learned trial judge was called to appellant's contention as to a variance by a requested charge to the effect that an acquittal must result if a sale was made by appellant to less than all of the parties named as purchasers. This charge should have been given.

Having reached the conclusion that we were in error in affirming the judgment and in overruling the motion for rehearing those orders are set aside, and the judgment is reversed and the cause remanded for the reasons stated.

*Reversed and remanded.*

### CONCURRING OPINION
### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—To enforce the provisions of the Constitution declaring that in a criminal case "the accused shall have right to demand nature and cause of accusation against him, and to have a copy thereof," and "shall not be held to answer for criminal offense, unless on indictment of grand jury," the Legislature has enacted statutes setting forth certain requisites essential to the validity of an indictment, and the courts have uniformly insisted, both in averment and proof, upon a substantial compliance with these provisions. See Huntsman v. State, 12 Tex. Crim. App. 619; and other cases

collated in Harris' Const. of Texas, p. 85, note 36. Among the statutes is Art. 456, C. C. P., requiring that the name be given, when known, to the grand jury. Statutes more specific upon the subject have been passed with reference to certain subjects, for example: in the offense of theft it is said:

"Where one person owns the property, and another person has the possession, charge, or control of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them." (Art. 457, C. C. P.)

So, with reference to the offense of the unlawful sale of intoxicating liquor, it is said:

"* * * it shall be sufficient to charge that the defendant sold intoxicating liquors contrary to law, naming the person to whom sold." (Art. 464, C. C. P.)

In theft cases, the holdings of the court are numerous and uniform to the effect that the averment must name the owner and that the proof must correspond with the averment, and "joint ownership, if alleged, must be proved as laid." See Branch's Ann. Tex. P. C., Sec. 2440; Hernandez v. State, 43 Tex. Crim. Rep. 80; Franklin v. State, 53 Tex. Crim. Rep. 547; Hardeman v. State, 58 Tex. Crim. Rep. 51.

"If ownership is alleged to be in more than one person, the proof must correspond with the allegation." Branch's Ann. Tex. P. C., supra; also Grantham v. State, 59. Tex. Crim. Rep. 556.

"If it is alleged that possession was in one person and that he was holding the property for another, both allegations must be proved as laid." York v. State, 42 Tex. Crim. Rep. 531; Coleburn v. State, 61 Tex. Crim. Rep. 27; Branch's Ann. Tex. P. C., supra. Among the later cases are Butler v. State, 83 Tex. Crim. Rep. 373; Bergfeld v. State, 85 Tex. Crim. Rep. 489. So, in the sale of intoxicating liquors, the averment of the name of the purchaser is essential. It is likewise necessary that the proof correspond with the allegation. This announcement was made by the Supreme Court of this State in Alexander v. State, 29 Tex. Rep. 495, from which a quotation is taken in the opinion by Judge Hawkins. It has been repeatedly and uniformly announced in subsequent decisions. See Dixon v. State, 21 Tex. Crim. App. 517, and other cases mentioned in the opinion written by Judge Hawkins.

In Price's case, 83 Tex. Crim. Rep. 323, the indictment named four persons as purchasers of intoxicating liquor from Price. In its charge, the court told the jury in effect that if

the sale of whiskey by the appellant was made to all or *either* of the persons named in the indictment, a conviction should result. Discussing the matter, this court, in the unanimous opinion, used the following language:

"The court's charge was not correct. The indictment having charged that the sale was made to four persons, naming them, it was essential that the proof should agree with the allegation, and the conviction could not be had under this indictment upon proof that the sale was made to one of the parties named. This has been held in a number of cases. Sessions v. State, 98 S. W. Rep. 243; Jones v. State, 76 Tex. Crim. Rep. 239, 174 S. W. Rep. 394; O'Shennessey v. State, 49 Tex. Crim. Rep. 600; Tippit v. State, 53 Tex. Crim. Rep. 180; Arnold v. State, 47 Tex. Crim. Rep. 556. The evidence, however, is undisputed that the sale if made by appellant was made to all four parties named in the indictment; that they were all together, all interested in the purchase, each furnishing their pro rata part of the money. This being true, it appears that under article 743, C. C. P., which provides, in substance, that error not calculated to injure the rights of an accused will not authorize reversal, the error of the court would be classed as harmless."

Upon the subject of assault, there is no specific statute requiring an averment of the name of the injured party, as in the offense of theft and the sale of intoxicating liquor, but under the general provisions embraced in Art. 456, supra, touching the sufficiency of the indictment, indictments for assault must name the injured person, if known. Whether, in cases of assault where more than one person is named as the injured party, it be essential that the proof show an assault upon all of them, there is lack of harmony in the precedents. However, it is believed that the weight of them and the better reason is in favor of the rule which has heretofore been applied in theft and liquor cases. Upon this subject we quote from the opinion of this court in two cases of recent date. In Barton v. State, 88 Tex. Crim. Rep. 368, 227 S. W. Rep. 317, is found the following statement:

"In view of certain special charges that were given, we would not feel justified in reversing this case upon the complaint made of the manner in which the sixth count in the indictment was submitted to the jury. That count manifests the intention upon the part of the pleader to charge a single assault upon Green and Eldridge jointly. This interpretation seems to be emphasized by the fact that in the fourth and fifth counts an assault to rob Green and Eldridge separately is charged, and

upon the trial was submitted to the jury. The sixth count should, in our opinion, be treated as charging a single assault upon both Green and Eldridge. That is to say, that part which submitted that count which authorized conviction, if the assault is made upon either of them, should be eliminated. Upon the subject, see Grantham v. State, 59 Tex. Crim. Rep. 556, 129 S. W., 839; Franklin v. State, 53 Tex. Crim. Rep., 547, 110 S. W. 909; Hernandez v. State, 63 S. W., 320."

From Pate v. State, 91 Tex. Crim. Rep. 471, 239 S. W. Rep. 967, an opinion written by our Brother Lattimore, we quote:

"Nor is the court's charge in paragraph four, wherein the jury are told that if they believe appellant, Rogers and Dollar made an assault upon Cozine and Hampton, *or either of them,* and by violence to Cozine and Hampton, *or either of them,* and by putting Cozine and Hampton, *or either of them,* in fear of life and bodily injury, etc., in accordance with the authorities. It would seem clear that the indictment charges an assault upon both Cozine and Hampton, and the use of violence toward both of said parties, and thus charges a joint assault, and that in such case the court could not instruct the jury to find appellant guilty if an assault was committed upon either of them or violence used toward either of them. Barton v. State, 88 Tex. Crim. Rep. 370; Neely v. State, 32 Tex. Crim. Rep. 372; Woods v. State, 26 Tex. Crim. App. 508; Henley v. State, 61 Tex. Crim. Rep. 428; Davis v. State, 68 Tex. Crim. Rep. 400; 152 S. W. Rep. 1095."

An examination of the cases cited in both opinions quoted from shows that this court regarded the principle as exactly analogous where ownership in theft cases was alleged to be in more than one party, proof must show want of consent of all of them and not of one only. In practice, there need be no variance by reason of the name of the purchaser, the owner, or the injured party. If there is uncertainty in the advance knowledge of the pleader touching the direction that the evidence will take upon the trial, as to whether the assault was committed upon one or more than one, or as to whether the owner was joint or several, or the purchaser was one or more, the law permits that the indictment be drawn in separate counts and the State thereby be protected against any injury. To secure the State in its rights, it is not necessary that the law touching the certainty of indictments and the agreement of proof in the averment be abandoned or abrogated to meet the particular case. It is required only that the pleader use care in drawing the indictment in separate counts and that the court

submit to the jury for decision those phases of the indictment which are supported by the evidence. It is said in Branch's Ann. Tex. P. C. Sec. 507:

"An indictment may contain as many counts charging the same transaction as is thought necessary to meet the emergencies under the testimony, that is, to meet the proof as it transpires and to prevent a variance."

This practice has not only been approved, as shown by many cases cited in the section mentioned, but has been expressly commanded by this court on various occasions. See Shubert v. State, 20 Tex. Crim. App. 330. Had this procedure been followed in the present case, there might be no occasion to interfere with the verdict. Since it was not, however, and the proof does not agree with the averment in the indictment, the case should be reversed to the end that it might be tried in accord with the law as it has been heretofore announced in the statutes and decisions to which reference has been made.

For these reasons, deploring the fact that there should be any difference of opinion in the membership of the court touching the subject in hand, I feel bound to express my views in accord with my conviction, and to concur with my Brother Hawkins in his conclusion that the motion for rehearing should be granted, the judgment of conviction set aside, and the cause reversed and remanded for another trial.

*Reversed and remanded.*

### DISSENTING OPINION
### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—I cannot agree with my Brethren that there is a fatal variance in a liquor selling case, either when the indictment charges a sale to one named party and the proof is of a sale to that person jointly with others; or when the allegation is of a sale to two or more named parties and the proof is of a sale to but one. A variance is one thing, and a fatal variance, another and vastly different thing. The books are full of cases wherein matters of variance are held to be mere surplusage. Mr. Underhill in the new 3d. Ed. of his work on Criminal Evidence, in Sec. 80, says:

"The strict technical rules formerly governing this subject have been greatly relaxed, if not altogether abrogated, by statutory enactment or by the liberal spirit of the modern courts of criminal jurisdiction. In determining whether a variance is material, the question to be decided is, does the indictment so far fully and correctly inform the defendant of the

criminal act with which he is charged that, taking into consideration the proof which is introduced against him, he is. not misled in making his defense, or placed in danger of being.twice put in jeopardy for the same offense? If this be not so, then the variance is material, and the State, having failed to prove the crime, in substance as it is alleged, the acquittal of the accused should be directed. Whether a greater strictness of proof is required in criminal than is necessary in civil proceedings in favor of life and liberty is a question upon which the cases differ. But though the general rule is that the crime which is laid in the indictment must be proved substantially as alleged, no variance will be material if the allegations of the indictment are separable and the substance of the crime is proved, though some immaterial averments remain unproved. And as a general rule any allegation which is not descriptive of the identity of the offense itself, that is, which does not mark it out as a crime and distinguish it from other crimes, or from actions which are not criminal, and which therefore may be omitted without affecting the criminality of the charge and without detriment to the indictment, is mere surplusage and need not be proved."

All the authorities seem in entire accord on the proposition that to be a legal variance, the difference between the allegations and proof must be as to a matter which cannot be rejected without affecting the validity of the charge. A splendid statement of this principle appears in Warrington v. State, 1 Tex. Crim. App. 173, in drawing a distinction between surplusage and variance:

"Two questions generally arise. . The first is, what allegations must be proved and what may be disregarded in evidence? The second is, what is sufficient proof of allegations which cannot be disregarded in evidence? The former includes the consideration of what constitutes mere surplusage in an indictment; the latter, what constitutes variance. Mere surplusage will not vitiate an indictment, and need not be established in proof. The material facts which constitute the offense charged must be stated in the indictment, and they must be proved in evidence. But allegations not essential to such purpose, which might be entirely omitted without affecting the charge against the defendant and without detriment to the indictment, are considered as mere surplusage and may be disregarded in evidence. But no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the

charge in the indictment, can ever be rejected as surplusage."

In presenting my views upon the question of difference between myself and my Brethren, I will first discuss the proposition that there is no variance between the allegation and proof when it is alleged that there is a sale to one, and on the trial it is proven that the sale was made jointly to that one and others. My Brethren both, refer to and cite theft cases and the rule in regard to the necessity for conformity in allegation and proof in matters of ownership in such cases. I need only state the rule in such cases as applicable to this phase of the instant question which I am discussing. It is so well understood as not to need citation of authorities. When the indictment names A as the owner of the alleged stolen property, and the proof shows that the property belonged jointly to A, B and C, this has never been held a fatal variance between the allegation and proof. It is not necessary to set out the names of all owners of alleged stolen property. See authorities cited by Mr. Branch in his Annotated P. C. p. 1317. If then analogy in theft cases is to control, we might regard the rule settled in liquor cases.

By me this rule is regarded as in conformity with all our statutes, with logic and with reason. In theft cases not only do we uniformly hold it not necessary to name all the owners of the stolen property, but with equal uniformity we hold it not necessary to prove that all the property described in the indictment, was taken. We allege theft of one cow and prove theft of ten, and vice versa. We allege theft of a watch, a knife, a pistol, etc., and prove the taking of only one of said articles, and never has this been held to be a fatal variance. Illustrations might be multiplied. In assault cases we allege that the offense was committed by the use of a piece of wood, a piece of iron and a knife, and hold that proof of any one of these is sufficient and not a fatal variance. We charge a man directly with taking property, and prove that he used an innocent agent, and this is no fatal variance. We charge a man with taking property in Williamson county and prove that at the time same was taken he was in Harris county, but that he used an innocent agent in the first named county, and hold this no fatal variance. We charge a man with the commission of any crime and prove that he was doing his part in the general plan, even though at another and different place from that of some person actually committing the crime, and hold this sufficient. We charge a man with committing a crime on one date and prove a date a year before that named; we charge a man with bur-

glary and theft in the same indictment, prove both,—elect to stand on one, and in all these we hold there is no fatal variance. Dunham v. State, 59 Tex. Crim. Rep. 330; Miller v. State, 16 Tex. Crim. App. 416; Black v. State, 18 Tex. Crim. App. 124; Williams v. State, 24 Tex. Crim. App. 69. We charge that A, B and C committed a crime and prove that A alone was guilty. We charge that A alone committed a crime and prove that A, B and C acted with him in its commission. These are not held fatal variances. As applicable to this part of the discussion it is noted that:

Under the head of Divisible Averments Mr. Wharton on page 351, 10th Ed. of his work on Criminal Evidence, says:

"It is sufficient to prove so much of the indictment as shows the defendant to have been guilty of the substantive crime therein stated, though not to the full extent charged upon him, * * * Divisibility of this class, as we shall presently see, may relate either to the subject, the object, or the predicate. When several defendants are charged, one or more may be acquitted and the other convicted, provided enough be left to constitute the offense. When several articles are alleged to have been stolen, one can be separated from the other and a verdict had for any one. The same divisibility applies to the averments of the mode of doing the unlawful act, provided there be enough left to constitute the offense. The offense, however, of which the defendant is convicted must be, at common law, of the same class as that which he is charged."

It is to be remembered that Art. 451, Vernon's C. C. P., in laying down the requisites of an indictment, in subdivision 7, says: "The offense must be set forth in plain and intelligible words." Art. 452, id. says: "Everything should be stated in an indictment which is necessary to prove, but that which is not necessary to prove need not be stated." Art. 453, id. states: "The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offense."

When an indictment in a liquor selling case, otherwise regular, names A as a purchaser, it has charged a complete offense against the law in "plain and intelligible words" as required by Art. 451, supra. Everything is therein stated which is required to be proved in order to make out the offense, as is made necessary by Art. 452, supra. The certainty is such as that the judgment rendered will enable the accused to plead it in bar of another prosecution for the offense, as is plainly stated in Art. 453, supra, and these conclusions of law are

true whether the proof on the trial shows the sale to have been made only to A or jointly to A, B and C. If on the trial it appear that the sale be to a number jointly, the facts and the law applicable are in accord on the proposition that but one offense is shown to have been committed, and the State having carved once by prosecuting for a sale to one, cannot do so a second time, and this fully protects the accused. A sale of a barrel of whiskey to A, B, C and D jointly is but one transaction and offense and punishable in no greater degree than the sale of a quart to one man, and the State can carve either way it chooses, but can carve only once, and if the well settled rule in theft and other cases be applied, and the law laid down in Arts. 451, 452, 453 and 460 of our C. C. P., supra, be given effect, the allegation of a sale of the barrel to A is sufficient and is sustained by proof of a sale to A, even though the others be shown to have been joint purchasers with him. These propositions are so uncontrovertible to me that I shall discuss them no further but take up the second proposition stated by me in the outset, viz: that there is no fatal variance when the allegation is of a sale to more than one named person and the proof shows a sale to only one of such parties. This seems to be the case before us. Whether on the facts it is so, may be later discussed by me but at present I address myself to the legal principle involved.

Most of the cases cited by my Brethren, save some liquor cases which I shall analyze later, are those involving allegation and proof of ownership of property in theft cases. Such are Hernandez v. State, 43 Tex. Crim. Rep. 80; Franklin v. State, 53 Tex. Crim. Rep. 547; Grantham v. State, 59 Tex. Crim. Rep. 556; Tanner v. State, 50 S. W. Rep. 347; Hardman v. State, 58 Tex. Crim. Rep. 51; York v. State, 42 Tex. Crim. Rep. 531; Coleburn v. State, 61 Tex. Crim. Rep. 27; Butler v. State, 83 Tex. Crim. Rep. 354; Bergfeld v. State, 85 Tex. Crim. Rep. 489; Barton v. State, 88 Tex. Crim. Rep. 370; Pate v. State, 91 Tex. Crim. Rep. 471. In regard to the principle involved in theft or robbery cases such as these named, it is fundamental that when the indictment alleges the stolen property to belong to A, B and C, or that the assault was made on A, B and C and they be put in fear of life, etc., by which means property was obtained from A, B and C in a robbery case,—it is both in reason and law that the indictment must further allege that the taking in the theft case, or the purpose of the assault, in a robbery case, was to take the property *without the consent* or against the will of said A, B and C, the owners.

The want of consent of the owner, if one be alleged,—or of the owners if more than one be pleaded, must be proved on the trial, else the State's case fails for the sound reason that' it has not made proof of *a necessary element of the offense,* i.e., the want of consent of the alleged owner or owners. This plain and obvious difference exists between such cases and the case before us, and clearly distinguishes them in principle. In theft cases the pleader must allege the want of consent of all those stated in the indictment to be owners of the stolen property, else his pleading is bad in ·a fundamental matter for which the case will be stricken from the docket. In other words if he does not allege want of consent of all those named as owners, he has not complied with Art. 452, supra; he has not alleged that which is necessary to be proved as required in Art. 453, supra. For it is equally fundamental that what is necessary to be alleged, must be proven.

The Pate case, supra,, (opinion by the writer hereof and cited by my Brother Morrow in his concurring opinion) was a robbery case in which the learned trial judge told the jury that if they believed that the accused made an assault on C and H, or either of them, and by violence to said C and H, or either of them, and by putting said C and H or either of them in fear of life or serious bodily injury, did take from said C and H, or either of them, against the will of said C and H, or either of them, corporeal personal property belonging to said C and H, or either of them, etc. The principle involved in both the Barton and Pate cases, supra, is not that which would govern an ordinary assault or murder case, but was and is that arising from and applicable in all theft and robbery cases where the accused is entitled to an acquittal if the record shows that he took the property with the consent of either of several alleged owners, or of several alleged assaulted parties; or in which the State has failed to sustain its allegation that the property was taken without the consent of all the alleged owners, or all the alleged assaulted parties. The writer knows of no assault case or murder case where the accused was charged with assaulting two or more, or with having killed two or more,—and the proof showed an assault only on one, or the killing of only one, wherein this court has held it a fatal variance. Quite the contrary. In Scott v. State, 46 Tex. Crim. Rep. 305, a case wherein the accused was charged with assault to murder two named parties, and he contended there should be proof of the assault on both, or that there would

be a fatal variance, this court, speaking through Judge Henderson, said:

"He contends that the averment that both were shot at is essentially descriptive matter in the indictment, and must be proved as laid. In our opinion this contention is not correct. No more than it would be correct to say that, because the pleader in a case of cattle theft had charged the theft of two or more head of cattle, and had failed to make proof of the theft of all the cattle charged, that there was a fatal variance. An assault on one person, or killing of one person, is a complete offense, and any essential description as to any person alleged to have been assaulted or killed must be proved as laid; but it by no means follows that because an assault is alleged to have been committed on two persons, or two persons are alleged to have been slain, that therefore, before a conviction could be had, both assaults, or both homicides must be proven as alleged. The doctrine contended for by appellant was announced in State v. McClintock, 8 Iowa, 203. But according to Mr. Bishop this is not the correct view. He says: 'In reason an assault on A and B is an assault both on A and likewise on B; and when it is proved as to one a complete offense appears equally in the evidence and in the allegation.' 2 Bish. Crim. Proc., sec. 60, and see vol. 1, sec. 437. This doctrine is illustrated in Commonwealth v. O'Brien, 107 Mass. 208. There it was said: 'It is enough to prove so much of the indictment as shows that the defendant has committed a substantive crime therein specified, although he is not shown to have been guilty of all that is charged against him.' This, in our opinion, is in accordance with sound legal principle. The court, therefore, did not err in instructing the jury as was done."

In Nite v. State, 41 Tex. Crim. Rep. 340, the indictment charged the killing of B and L. The proof showed that B only was killed. This was held no fatal variance. In Terry v. State, 62 Tex. Crim. Rep. 73, the indictment charged an attempt to kill two named parties. The proof showed an attempt to kill only one and the court below submitted in its charge the question of attempt to kill only one, and we held it no error. It seems to me that to cite the Barton and Pate cases, supra, as upholding any contention on the part of my Brethren, that a charge of ordinary assault or of murder against two persons, cannot be sustained unless the proof shows such assault on both or the killing of both, is to entirely ignore the real point in each of said opinions and seek to give to expressions therein,

especially in the Pate case, a meaning not intended and not reflecting the real points sustained by this court.

Having thus attempted to distinguish between the principle involved in theft and robbery cases, and to show the reason for the holding in such cases, and its entire lack of application here, I now state that by using the names of other alleged purchasers of liquor, after naming one, adds no essential element of the crime of illegal liquor selling, and that if proof of a sale to one so named, is made, then proof as to the sales to the others may be entirely omitted without affecting the charge against the accused and without detriment to the indictment; and that unless such allegation come under the head of an unnecessarily minute description of the offense, it may be entirely disregarded as surplusage. In the early case of Mayo v. State, 7 Tex. Crim App. 340, an opinion written by Judge White, occurs the following:

"But allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded. United States v. Howard, 3 Summ. 12. And where an indictment contains matter unnecessary to a description of the offense, it may be rejected. The State v. Coppenbury, 2 Strobh. 273. Again, if, eliminating surplusage, an indictment so avers the constituents of the offense as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance under our Code. Coleman v. The State, 2 Tex. Ct. App. 512; Burke v. The State, 5 Tex. Ct. App. 74. A variance in the name in an indictment will not be fatal if the name be immaterial to constitute the offense and may be rejected as surplusage. 2 East P. C. 593; Roscoe's Cr. Ev. 82. If the name of a person be mistaken in an indictment, and the allegation in which the misnomer occurs be immaterial, so that it may be rejected as surplusage, it will not vitiate the indictment. The Commonwealth v. Hunt, 4 Pick. 252; United States v. Howard, 3 Summ. 12."

This opinion has been cited with approval times without number. In Holden v. State, 18 Tex. Crim. App. 104, an indictment, charging the false packing of a bale of cotton, set out the sale of the cotton to a named party with other details. This court said that the allegation was surplusage, as follows:

"That portion of the information which the court quashed (and which is shown by the italicised portion above noted)

can very properly be stricken out and eliminated from the information as mere surplusage, and the remaining portions charge sufficiently and fully one of the offenses denounced by the statute."

In Cudd v. State, 28 Tex. Crim. App. 128, this court said:

"The well settled rule is that allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded."

It seems needless for me to further argue what seems so plain, viz: that a complete offense is constituted by charging that A sold liquor to B, and that no fatal variance occurs in proving that he sold it to B, C and D, and that the reverse is equally true.

Is the allegation that A sold liquor to B, C and D to be held not supported by proof of a sale to B upon the ground that the addition of names of other purchasers comes under the head of words of description which being alleged must be proved? I think not. If an indictment charge a sale of whiskey to B, no element of the offense, viewed from any angle, is added, increased or affected by also charging that the sale was to C and D. The penalty is the same. The elements of the offense are the same. The accused is equally informed by the indictment in either case, that he is charged with a violation of the laws prohibiting the sale of liquor, and the time of the alleged occurrence. Can it be said that while the use of the names of other purchasers in the indictment does not add to or increase the criminality of the offense, or affect any element thereof, still this must be proved as laid because such allegation thus becomes descriptive of the transation,—because said other purchasers were thus made parties to the sale? A sufficient answer would seem to appear by saying that if the indictment alleged that A, B, C and D sold whiskey to E, this would as completely be a statement that they were parties to the sale,—actors in the transaction,—as if they appeared therein as purchasers, but under all the authorities the State would not be held to prove, in such case, that all in fact were present and were concerned in making the sale, in order to make out its case, and to support a conviction when the proof showed that A acting alone did in fact violate the law by so selling.

If an allegation that A took a cow October 1st from Smith without his consent, etc., is not so descriptive of the offense

as not to be offended against by proof that he took a steer belonging to Smith, Jones and Brown on February 10th; if an allegation that A took a watch, a knife, a ring and a pistol on July 4th, is sustained by proof that he took only a pistol on December 1st; if an allegation that A assaulted B, C and D on January 1st by striking them with his hands, feet and a piece of iron, is met by proof that A slapped D on August 1st with his hands; if an allegation that A tried to kill B, C and D on September 1st, is not varied from by proof that he only tried to kill C on March 1st; if an allegation that A shot and killed B and C is supported by proof that he shot B only; if an allegation that A· sold to B a gallon of whiskey is supported by proof that he sold him a quart or a barrel; if these and innumerable other illustrations which are usable reflect the attitude of this court's opinions and those of the elementary authorities on the question of what is and what is not an unnecessarily minute description and what need not be proven, then I insist that unless we adhere to the holding contended for by my Brethren solely because of former opinions of this court in cases believed by them to be in point, which I shall analyze and discuss, then I insist we should not hold in this case that there is a fatal variance upon the ground that the pleader by alleging a sale to other parties inserted in his indictment an unnecessarily minute description of the offense.

In reviewing the cases cited I will not omit any case cited by my Brethren. Dixon v. State, 21 Tex. Crim. App. 517, discusses an indictment which named no person as the purchaser of the liquor. Holding that a purchaser should have been named, we said that the true rule is as follows:

"There must be some particularity, or what the law calls certainty, in an indictment. The particular act of which the State complains must be set forth in plain and intelligible words, so that the party who is accused may know what he will be called upon to answer, and may be able to prepare for his defense. * * * The transaction of which the party is accused must be identified with reasonable certainty. The indictment, in a case like the present, should name the person to whom the liquor was sold; or, if the name of the person to whom the liquor was sold was unknown to the grand jurors, then other circumstances tending to identify the transaction should be alleged, so that the accused may know what he will be called upon to answer, and so that, in case of conviction or acquittal, he may be able to plead the judgment in bar of another prosecution for the same offense."

It will be noted by the careful reader that all that is said in the quotation above, is summed up in the last part of this statement of the law thus *"so that* the accused may know what he will be called upon to answer, and *so that,* in case of conviction or acquittal, he may be able to plead the judgment in bar of another prosecution for the same offense." This same statement of the law is applicable to each of those cases instanced by us in which we sustain convictions and hold it no variance to fail to prove those things stated in an indictment which are not necessary to allege a complete offense. The Dixon case is not authority against my contention in this regard. My Brethren cite Art. 464 C. C. P. which merely says that an indictment should name the person to whom the liquor was sold and thus says no more in this regard than does the statute against assault, murder, etc., which requires the name of the injured party to be stated; nor that the statute against theft, etc., which requires the property to be described. Art. 464, supra, relates only to the indictment and appears wholly foreign to the question of variance. However we note that after stating that to be sufficient the indictment should name the purchaser, said article closes with this very significant utterance which my Brethren may have overlooked: "Under such indictment any act of selling in violation of law may be proved." We scarcely need the plain direction of Art. 25 of our C. C. P. which commands that the provisions of the Code be liberally construed so as to attain the objects intended, i.e. the prevention, suppression and punishment of crime,—to support the proposition that when the indictment names the purchaser of the liquor, and Art. 464, supra, says that any act of violating the law against selling liquor, which under ordinary rules of construction would be embraced by the allegation may be proved, the act of selling to three jointly would support a conviction. Suppose the allegation be of a sale to one. Would not this allege every element of the offense? This is not made less true by proof of a sale to two. What does Art. 464, supra, mean when it says: "Any act in violation of law may be proved"? My Brethren cite Tanner v. State, 50 S. W. Rep. 347, which seems to me to have no application whatever. Sheep were caused to go into an enclosure. The pasture belonged to two. The indictment alleged entry without the consent of one. The court held it should have alleged without the consent of either, and the principle is akin to that in theft cases. O'Shennessey v. State, 49 Tex. Crim. Rep. 600, is cited. This decision was rendered in 1906, and the

indictment alleged a sale to two, and the court's charge authorized conviction on proof of a sale to one. This case seems authority in support of the instant case and will be later referred to and discussed. Price v. State, 83 Tex. Crim. Rep. 322, is cited. This is a case on facts similar to the present, being a case in which four men chipped in fifty cents each and went together and purchased a bottle of whiskey from appellant. The court's charge is criticised for instructing the jury that a conviction could be had on proof of a sale to one where the allegation was of a sale to four, but this court, in an opinion by the present Presiding Judge, said: "The evidence, however, is undisputed that the sale, if made by appellant, was made to all four parties named in the indictment; that they were together, all interested in the purchase, and all furnished their pro rata of the money. This being true, under Art. 743 C. C. P., * * * the error of the charge is harmless," and the case was affirmed. There was no proof as to which one did the talking for the four, but I shall refer to this case later.

Ellington v. State, 86 S. W. Rep. 330, is also cited. Its facts show that four parties went to an express office where a C. O. D. shipment of liquor had been sent to one of them, who had not ordered it. Each there contributed his part of the $3.50 C. O. D. The package was there delivered by appellant who was the agent of the express company, upon payment of the money by all of them, to the man named as consignee. The package was opened in the express office and each man took one of the four bottles of liquor therein. The indictment charged a sale by the agent to all four of the men. This court said: 'It is necessary for the indictment to allege the name of the purchaser, and of course it is essential that the evidence should sustain this allegation. We believe the contention well taken." The court then cites Dixon v. State, 21 Tex. Crim. App. 517; Martin v. State, 31 Tex. Crim. Rep. 27; Henderson v. State, 38 S. W. Rep. 618, and Tanner v. State, 50 S. W. Rep. 347. I have just shown above that neither the Dixon nor the Tanner case appear to be authority. The Martin case referred to was a case in which the indictment charged the sale of liquor and named no purchaser, and the indictment was held bad on authority of the Dixon case, supra. In the Henderson case referred to the indictment charged a sale to Henry Hall and the proof showed a sale to Henry Wall, which was held a variance. This much is said to show that neither of the four cases cited in the Ellington case support the conclusion

there reached by the court, and it is difficult to follow the case on its facts to the result announced. The rule laid down by this court in the Price case, supra, would seem to compel the affirmance of the Ellington case. If four men went together to the place where the liquor was and each contributed his pro rata share and each paid same to the agent who thereupon delivered the liquor to one, this would seem to necessarily call for conviction. He could not hand the liquor to all of them. He necessarily had to hand it to one, and it made no difference to which one.

My Brethren cite Yakel v. State, 30 Tex. Crim. App. 391. The only question involved in that case is one of liability for a sale to a minor, it being contended that he was merely acting as agent for his father. Nothing in the opinion affects the proposition before us. They also cite Henderson v. State, 39 Tex. Crim. Rep. 26. This case is on the same point as the Yakel case and on its authority is decided. There is nothing in it shedding any light upon the matter at issue here. They also cite Sessions v. State, 98 S. W. Rep. 243, decided the same year as O'Shennessey v. State, supra. In that case occurs the following language: "The complaint and information charge the sale as having been made to Dude Noble and Hugh Foster of the whiskey in question. The proof showed a sale alone to Noble. Appellant claimed a variance and asked a charge to that effect. This should have been given." This case also seems authority for the position taken by my Brethren and will be referred to later. They also cite Arnold v. State, 47 Tex. Crim. Rep. 556, an examination of which reveals the indictment alleged a sale to Shufford and the proof showed a sale to Norton alone, which was properly held to be a variance. They also cite Tippett v. State, 53 Tex. Crim. Rep. 180, but the case reveals one in which there was an allegation of a sale to Whitman and the proof showed either a gift of the whiskey or its sale to Roberson. Citing Arnold case, supra, the court correctly held this a variance. They also cite Westbrook v. State, 88 Tex. Crim. Rep. 223, but examination shows that this case involves only the right of one who is convicted in one case for selling liquor and has appealed it, to have another case pending,—also charging a sale of liquor claimed by the accused to have been the same act and transaction as the one on appeal,—continued until the appeal is decided so that he may plead former conviction.

I have thus carefully and accurately reviewed each case cited by my Brethren and only two of them, viz: O'Shennessey v.

State, 49 Tex. Crim. Rep. 600, and Sessions v. State, 98 S. W. Rep. 243, are in point and uphold the contention, and neither of these decisions analyze the doctrine involved nor cite any authority for the holding of the court. Each opinion shows other errors beside the one under discussion, and neither case is reversed for the matter of variance. I am firmly of the belief that had either of the great judges who rendered those opinions been called on to compare such holdings with those of this court in cases involving the same principles,—or to analyze the question of variance in the light of what text books say and what this court had said in other cases, and what true reasoning would seem to dictate, they would not have announced the conclusion reached by them. To charge a sale of intoxicating liquor to C and B, necessarily charges a complete sale to C, and to prove a sale of intoxicating liquor to C necessarily proves every element of the offense, and to hold that the court may not properly reject the added sale alleged as surplusage, seems to me to ignore all of the holdings of this court in similar matters to that here discussed. I am of opinion that my Brethren, who like myself entertained great respect and reverence for the opinions of our able predecessors, have accepted the soundness of the contentions discussed upon the ipse dixit of the O'Shennessey and Sessions cases and others not involving the same point as appear in those cases, which however cite them,—and by such acceptance, after full consideration, are in danger of establishing a precedent at variance with all our other holdings — at variance with all the text writers, and which will cause hardship in the due administration of justice. What I have said is chiefly a citation of authorities and a discussion of the principle involved, and for the reason that I am unable to distinguish between the holdings in all the other cases, and that I believe the O'Shennessey and Sessions cases to be wrong in the matters discussed, I am compelled to respectfully record my dissent from the conclusions reached in this case and some other cases involving the same principle this day handed down.

On the facts of the instant case I would further take issue with my Brethren on the ground that the record shows that all three of the parties named as purchasers of the liquor in the indictment were present at the time and place of purchase, went there under an agreement to go and buy the whiskey; two of them did the talking while the third remained in the car, and the liquor was taken and divided by all. No money was then paid but later each contributed his proportionate

part and the next day the full purchase price was paid to appellant. These facts are almost identical with those in the Price case, supra. I cannot conceive it to be the law that when a group of men each chip in his part and go to where the liquor is, and the money is there and then or thereafter paid by one for all, that because one orders the drinks and hands over the money, the seller can only be punished under an indictment charging a sale to one. Can it be said that when a sale to two or three is charged, the proof must show that each was not only present but must take part in the conversation and personally negotiate with the accused. Such a doctrine would not be upheld for a moment if the action was to recover the price or to have the transaction declared a sale to all of them. Will it be contended that one may not speak for all when they act together in the purchase, all receive their part of the proceeds and pay their part of the price. This seems to substitute the shadow for the substance; to render nugatory the provisions of Art. 25 of our C. C. P. which as above stated, commands that the provisions of the Code shall be liberally construed so as to attain the objects intended by the legislature: the prevention, suppression and punishment of crime. The indictment in this case charges every element of a crime and fully apprises the accused of the charge against him, and contains no unnecessarily descriptive details, and upon proof such as appears in this record I believe the conviction should be upheld.

Believing the original opinion correct, I think the motion for leave to file second motion for rehearing should be overruled.