## CAVITT v. CAVITT. (No. 7100.)

Court of Civil Appeals of Texas. Austin.
April 27, 1927.

Appeal and error ⚖️719(6)—Directing verdict held not fundamental error authorizing review without filing assignments of error (Rev. St. 1925, art. 1844).

Any error in directing verdict contrary to the evidence and the law applicable thereto is not fundamental error apparent of record, so as to authorize review, where assignments of error were not filed, as required by Rev. St. 1925, art. 1844.

Error from District Court, Tom Green County; J. F. Sutton, Judge.

Action by A. S. Cavitt against J. F. Cavitt. Judgment for defendant, and plaintiff brings error. Affirmed.

Anderson & Mobley, of San Angelo, for plaintiff in error.

J. H. Hooker, of McGregor, and W. A. Wright and Harris, Harris & Sedberry, all of San Angelo, for defendant in error.

BLAIR, J. The parties will be designated appellant and appellee. Appellant sued appellee in conversion for $14,485. Appellee answered that the money sought to be recovered by appellant was the money he (appellee) received from the sale of certain cattle; that he purchased the cattle by written bill of sale from appellant; and that the money received did not belong to appellant, but to him. Appellant replied, under oath, that the bill of sale was executed without consideration.

At the conclusion of appellant's testimony and upon motion of appellee, the trial court instructed a verdict for appellee, and accordingly judgment was rendered that appellant take nothing by his suit; and from which judgment this appeal is filed.

Appellee moves to strike out appellant's brief and to affirm the case because appellant has filed no assignment of error and because no assignment of error appears in his brief, as required by article 1844, R. S. 1925. The motion to affirm the case must be sustained.

In appellant's brief we find this statement:

"Plaintiff in error has not filed any assignments of error herein for the reason that the error in the case is a fundamental error in the action of the court in giving an instructed verdict in favor of the defendant contrary to the evidence in the case and the law applicable thereto, and is such error as is not required to be raised by assignment."

This question was recently decided in the case of Ford et al. v. Flewellen (Tex. Civ. App.) 264 S. W. 602, affirmed by the Commission of Appeals, 276 S. W. 903, against the contention made by appellant, in the following language:

"There is therefore nothing for this court to review, unless the record discloses some fundamental error, of which cognizance should be taken without an assignment. There is none; the trial court had jurisdiction of the parties and of the controversy; the judgment is one it had the power to render under the pleadings; and this court, without going through the entire statement of facts, is unable to say that any action prejudicial to the rights of appellants was taken. In such circumstances our Supreme Court has uniformly held that no error of law apparent upon the record appears, and that a Court of Civil Appeals is not required to hunt through the statement of facts. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533, 124 S. W. 85."

Therefore the judgment of the trial court will be affirmed.

Affirmed.